JOURNAL ENTRY AND OPINION
{¶ 1} Robert Muehrcke, M.D. appeals from the trial court's denial of his protective order seeking to prevent his wife's deposition, and a subsequent court order mandating the production of his attorney fee bills. He appeals claiming both attorney/client and spousal privileges, and contends that the court's entry of these orders without first conducting evidentiary hearings was in error. We affirm.
 {¶ 2} The record reveals that Dr. Robert Muehrcke, an orthopedic surgeon, was seriously and permanently injured in a motor vehicle accident in November 1996. Dr. Muehrcke hired Attorney Robert Housel ("Housel") to pursue claims against the tortfeasor, Carolyn Storey, and various insurance companies.[1] Following a settlement with Ms. Storey's insurer, Dr. Muehrcke filed suit against his own insurer, Indiana Insurance Company.[2] Claims were made on behalf of Dr. Muehrcke himself, his wife Laura, and his minor daughter, Susan. Both Laura's and Susan's claims were solely for loss of consortium.
 {¶ 3} Following a jury trial in June 2001, Dr. Muehrcke was awarded $9,377,252. The jury additionally awarded one million dollars to Laura and $500,000 to Susan. Since the verdict exceeded the maximum coverage available and was subject to additional set-offs for other recoveries, Indiana Insurance tendered the limits of its policy of $3,000,000. In exchange for a waiver of all future claims, Indiana Insurance company agreed to pay an additional $1,950,000 to the Muehrckes with a specific $50,000 award to Susan.
 {¶ 4} As Susan was a minor at the time of the award, the distribution of her monies fell within the jurisdiction of the probate court. In late October 2001, Laura filed an application seeking appointment as Susan's guardian. Shortly after filing her original application, Laura filed a second application seeking to settle Susan's $500,000 award for $5,000. She later orally requested that the court approve a $50,000 settlement.
 {¶ 5} In January 2002, the probate magistrate entered his recommendation. He determined that the jury's award of $500,000 was 4.6 percent of the total jury award, and found that the same percentage as applied to the settlement award equaled $230,000. He further found that the relationship between Laura and Susan was in direct conflict, since any decrease in Susan's award would increase the amount available to Laura or Dr. Muehrcke. Following objections by the Muehrckes, the probate court adopted the magistrate's recommendation and appointed Attorney Richard Koblentz as guardian of Susan's estate.
 {¶ 6} In March 2004, Dr. Muehrcke filed this action against Housel, claiming that his actions fell below the standard of care. His first cause of action alleged legal malpractice, and sought damages in excess of $25,000. On his second cause of action, negligent infliction of severe emotional distress, Dr. Muehrcke also sought damages in excess of $25,000.
 {¶ 7} In September 2004, Housel served his second request for production of documents seeking:
"1. Any and all documents demonstrating and/or evidencing any and all expenses you have incurred or claim to have incurred, including, but not limited to, attorney fee bills from Donald Caravona, Esq., Joan Ford, Esq., John Heutsche, Esq., Robert V. Housel, Esq., Richard Koblentz, Esq., Attilio Lepri, Esq., Porter Wright Morris Arthur LLP, Stafford Stafford Co., L.P.A., Taft, Stettinius Hollister LLP, and any other attorney in connection with the matters known as:
a. In re: Guardianship of Susan Muehrcke, Case No. 81353, in the Court of Appeals, Eighth Appellate District, Cuyahoga County, Ohio; and
b. In re: Guardianship of Susan Muehrcke, Case No. 2001 GDM 0054818, in the Court of Common Pleas, Probate Division, Cuyahoga County, Ohio."
 {¶ 8} In October 2004, Housel filed his third request for production of documents seeking:
"1. Any and all documents demonstrating and/or evidencing any and all expenses you have incurred or claim to have incurred, including, but no limited to, attorney fee bills from Stafford Stafford Co., L.P.A., and any other attorney in connection with the matters known as:
a. Robert Muehrcke, M.D. v. Robert v. Housel, et al., Cuyahoga County Common Pleas Case No. 525064; and
b. Robert Muehrcke, M.D. v. Robert v. Housel, et al., Cuyahoga County Common Pleas Case No. 484809."
 {¶ 9} Dr. Muehrcke refused to produce the requested documents.
 {¶ 10} In November 2004, moments prior to Laura Muehrcke's deposition, Dr. Muehrcke moved for a protective order claiming spousal privilege. The trial court subsequently denied his request, and Dr. Muehrcke appeals from this order in the assignments of error set forth in the appendix to this opinion.
 {¶ 11} In CA 85643, Dr. Muehrcke appeals the trial court's order that he produce the fee bills he has incurred in these legal proceedings; and in CA 86544, Dr. Muehrcke claims that the court erred in finding that a claim of spousal privilege was inapplicable. These cases were consolidated for purposes of appeal.
 {¶ 12} Regarding the trial court's order compelling production of the requested documents, Dr. Muehrcke contends that these documents are protected by attorney/client privilege and irrelevant to the legal malpractice claim.
 {¶ 13} The standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion. State exrel. Denton v. Bedinghaus, 98 Ohio St.3d 298, 2003-Ohio-861. "Abuse of discretion" connotes an unreasonable, arbitrary, or unconscionable attitude. State ex rel. Hamilton Cty. Bd. of Commrs. v. State Emp.Relations Bd., 102 Ohio St.3d 344, 2004-Ohio-3122.
 {¶ 14} R.C. 2317.02(A) governs privileged communications and states in pertinent part:
"The following persons shall not testify in certain respects: (A) An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client and except that, if the client voluntarily testifies or is deemed by section 2151.421
[2151.42.1] of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject."
 {¶ 15} Therefore, the question before this Court is whether the production of the requested documents violates this privilege. We find that it does not.
 {¶ 16} The purpose behind the attorney/client privilege is to foster open communication between the client and attorney by keeping their communications in confidence. "[Nevertheless] information regarding the fee arrangement is not normally part of the professional consultation and therefore it is not privileged even if it would incriminate the client in wrongdoing." In re Grand Jury Subpoenas, 906 F.2d 1485, 1492. See alsoAbbuhl v. Orange Village, Cuyahoga App. No. 82203, 2003-Ohio-4662.
 {¶ 17} Further, Dr. Muehrcke, as the party seeking to keep the documents protected, had the burden of demonstrating to the trial court that the documents were protected by the attorney/client privilege. SeePeyko v. Frederick (1986), 25 Ohio St.3d 164, 165. Instead, Dr. Muehrcke claims that all documents relating to fee agreements, billing, and/or attorney fees paid are specifically protected by R.C. 2317.02.
 {¶ 18} Dr. Muehrcke cites to this Court's decision in Invacare Corp.v. Faye, Sharpe, Beall, Fagan, Minnich McKee (Nov. 22, 2000), Cuyahoga App. No. 77600, and claims that the production of attorney fee bills, invoices and attorney fee statements fall under the auspices of attorney/client privilege. In Invacare, however, this Court upheld the trial court's order compelling the production of attorney fee invoices. We further found that Invacare failed to timely request an in camera inspection of the disputed documents and, like Dr. Muehrcke, had failed to meet its burden of demonstrating that a privilege existed.
 {¶ 19} In further support of this lack of privilege, this Court has more recently affirmed a trial court's order compelling production of an attorney's individualized billings and sources of income for his legal practice. See Abbuhl v. Orange Village, Cuyahoga App. No. 82203, 2003-Ohio-4662.
 {¶ 20} Although Dr. Muehrcke asserts error in the failure to hold an evidentiary hearing on this issue, he cites no case law supporting this contention. He has failed to satisfy his burden of proof that the requested documents are privileged, and has made a blanket assertion of privilege without so much as requesting an in camera inspection.
 {¶ 21} Dr. Muehrcke's first assignment of error lacks merit.
 {¶ 22} In his second assignment of error, Dr. Muehrcke contends that the court erred in denying his motion for a protective order regarding spousal privilege under R.C. 2317.02(D).
 {¶ 23} This Court reviews an order granting or denying a motion for a protective order for an abuse of discretion, and such order will not be reversed absent an abuse of that discretion. Ruwe v. Bd. of TownshipTrustees of Springfield Twp. (1987), 29 Ohio St.3d 59, 61; Cargotec,Inc. v. Westchester Fire Ins. Co., 155 Ohio App.3d 653, 2003-Ohio-7257. Pretrial discovery orders pertaining to the issue of privilege are likewise reviewed for an abuse of discretion. Abbuhl v. Orange Village,
supra, citing Radovanic v. Cossler (2000), 140 Ohio App.3d 208, 213. Under Civ.R. 26(C), protective orders, it states:
"Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."
 {¶ 24} In addition, R.C. 2317.02(D) governs spousal privilege and provides:
"Husband or wife, concerning any communication made by one to the other, or an act done by either in the presence of the other, during coverture, unless the communication was made, or act done, in the known presence or hearing of a third person competent to be a witness; and such rule is the same if the marital relation has ceased to exist."
 {¶ 25} In Sessions v. Trevitt (1883), 39 Ohio St. 259, the Ohio Supreme Court held that the reason for the privilege is because public policy requires that a husband and wife not be allowed to betray the trust and confidence which are essential to the happiness of the marital estate. The court further found that the reason for the exclusion ceases when the husband and wife conclusively show, by making the communication in the known presence of a third person, that the communication is not confidential and, therefore, its disclosure cannot violate any trust or confidence.
 {¶ 26} Under R.C. 2317.02(D), the statute only includes private acts and communications between spouses made in reliance on the intimacy of their marriage. As found by the court in Harrison v. Harrison (Feb. 25, 1992), Franklin County App. No. 91AP-888, "statements of a routine or business nature, * * * are not privileged because they are unrelated to preservation of the marital relationship and do not contain an indicia of confidentiality." See, also, Ohio v. Taylor (Aug. 10, 1988), Lorain App. No. 4280.
 {¶ 27} By filing the protective order, Dr. Muehrcke sought a broad and all encompassing order preventing his wife from being deposed concerning "any and all privileged communication which occurred during the term of marriage." (Motion for a Protective Order Regarding Spousal Privilege under ORC 2317.02(D) at 1). While some matters may certainly lie within the purviews of spousal privilege, these matters are sufficiently narrow to escape the all-encompassing protection sought in this case.
 {¶ 28} For these reasons, Dr. Muehrcke's second assignment of error lacks merit.
 {¶ 29} The ruling of the trial court is affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
BLACKMON, A.J., And GALLAGHER, J., CONCUR
 APPENDIX ASSIGNMENTS OF ERROR
 "I. THE TRIAL COURT ERRED BY SUMMARILY AND WITHOUT EVIDENTIARY HEARINGGRANTED [SIC] THE APPELLEES' MOTION TO COMPEL PRODUCTION OF DOCUMENTSTHAT ARE PROTECTED BY THE ATTORNEY/CLIENT PRIVILEGE.
 II. THE TRIAL COURT SUMMARILY AND WITHOUT EVIDENTIARY HEARING DENIEDTHE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AS IT RELATES TO THE ISSUESOF SPOUSAL PRIVILEGE."
[1] See Robert C. Muehrcke, M.D., et al. v. Carolyn Storey, et. al.
(Oct. 28, 1999), Cuyahoga App. No. 74365.
[2] See Robert C. Muehrcke, M.D., et al. v. Indiana Ins. Co, Common Pleas case number 413100.