JOURNAL ENTRY AND OPINION
{¶ 1} Ronald Miller appeals from an order of the trial court which granted Defendant Stephen Bassett's motion to compel discovery. Miller contends that the order violates both the attorney-client and physician-patient privileges, and that since the motion to compel was unrelated to the subject matter of his complaint, he was not required to produce the requested documents. We affirm in part, reverse in part and remand.
 {¶ 2} The record reveals that Ronald Miller is the owner of Par One, Inc., a Cleveland company that distributes custom stamped golf balls. Miller hired Stephen Bassett ("Bassett"), a Certified Public Accountant ("CPA"), to handle payroll taxes and year-end tax returns. Miller's sister, Elaine Barrios, was Vice President of the corporation and, as part of her duties, handled all internal accounting matters and provided Bassett the necessary information to prepare the payroll and corporate tax documents. Beginning in the year 2000, various payroll reports and year-end tax reports were not filed with either federal, state or local tax authorities.
 {¶ 3} After being charged with significant fines for the failure to file returns, Miller filed a professional negligence action against Bassett alleging that Bassett failed to discover, disclose, and properly address certain payroll tax payments, financial statements and tax liens for Par One. Miller claimed that this failure resulted in severe levies, penalties, and accumulating interest in amounts exceeding $500,000.
 {¶ 4} In May 2005, the case proceeded to discovery and Bassett submitted the following interrogatories and requests for production of documents. Each request is also listed with Miller's response.
"Interrogatory No. 8
For the period of time referred to in the Complaint, state when Par One, Inc. communicated either orally or in writing with any legal counsel regarding the subject matter of Ronald S. Miller, Par One, Inc. and/or Elaine Berrios' failure to file or pay corporate taxes on behalf of Par One, Inc. as alleged in Plaintiffs' Complaint. Please identify every communication by (a) date, (b) author, (c) recipient and produce copies of all such written communications.
ANSWER: Objection. This requires information which is protected by the attorney-client privilege.
Interrogatory No. 9
Identify any and all attorneys and/or law firms and/or professional associations that which represented Par One, Inc. on any matters relating to the allegations in the Plaintiffs' Complaint.
ANSWER: Objection. This requires information which is protected by the attorney-client privilege.
Interrogatory No. 10
Please identify any communications including but not limited to letters, correspondence, e-mails, etc., between you and the named attorney(s) relating to the failure of Par One, Inc. to properly file and/or pay various taxes or tax returns as set forth in Plaintiffs' Complaint.
ANSWER: Objection. This requires information which is protected by the attorney-client privilege."
 {¶ 5} Bassett also submitted a request for production of documents requesting:
"11. Any and all documents, including but not limited to letters, correspondence, e-mails, memorandums, or any other documentation between Plaintiffs and their attorneys which relates to the failure of Par One, Inc. and/or Ronald S. Miller and/or Elaine Barrios to properly file and/or pay State and/or Federal Income tax returns or taxes as described in the Plaintiff's Complaint."
 {¶ 6} In addition to these requests, Bassett also sought discovery of Miller's medical records, seeking the following information:
"Interrogatory No. 18:
Please state with respect to Plaintiff, Ronald S. Miller, his medical background, including but not limited to:
a. primary/family physician;
b. any medical condition that required hospitalization or long term treatment over the past (10) years;
c. any medical condition, mental or physical, that has arisen or has been present within the past ten (10) years.
ANSWER: Objection. This requires information which is protected by the physician-patient privilege. Further, the information requested has no bearing, reference or correlation to the Plaintiff's Complaint. The purpose of the request is to cause embarrassment and harassment to the Plaintiff.
Interrogatory No. 19:
Please state with respect to the Plaintiff, Ronald S. Miller, any drug or alcohol use in the past ten (10) years, including any form of an illegal substance and the frequency of such use.
ANSWER: Objection. This requires information which is protected by the physician-patient privilege. Further, the information requested has no bearing, reference or correlation to the Plaintiff's Complaint. The purpose of the request is to cause embarrassment and harassment to the Plaintiff.
Interrogatory No. 20:
Please identify all motor vehicle accidents which the Plaintiff, Ronald S. Miller has been a party to over the last fifteen (15) years and all claims and/or proceedings that have resulted from such motor vehicle accidents.
ANSWER: Objection. Irrelevant. Further, the information required has no bearing, reference or correlation to the Plaintiff's Complaint. The purpose of the request is to cause embarrassment and harassment to the Plaintiff."
 {¶ 7} Bassett responded to the objections by filing a motion to compel discovery on July 20, 2005. Shortly thereafter, Miller filed a brief in opposition. On August 9, 2005, the trial court granted Bassett's motion to compel discovery and simultaneously denied his motion for a protective order regarding his own deposition. Bassett does not appeal the denial of his motion for a protective order, and Miller appeals the motion to compel discovery in the assignments of error set forth in the appendix to this opinion.
I. Attorney-Client Privilege
 {¶ 8} In his first assignment of error, Miller contends that the trial court erred in granting the motion to compel since the requests violated the attorney-client privilege.
 {¶ 9} Absent an abuse of discretion, a reviewing court must affirm a trial court's disposition of discovery issues. State exrel. The V Cos. v. Marshall, 81 Ohio St.3d 467, 469,1998-Ohio-329. An abuse of discretion is more than an error of judgment, but instead connotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122. "For a party seeking to overturn the lower court's discovery ruling, the aggrieved party must present evidence that the lower court's actions were `unreasonable, arbitrary, or unconscionable.'"Perfection Corp. v. Travelers Cas. Sur., 153 Ohio App.3d 28,36, 2003-Ohio-3358, at paragraph 9; See Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id. at 219.
 {¶ 10} Civ.R. 26(B) provides that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Further, Civ.R. 37(A)(2) authorizes a party seeking the production of documents under Civ.R. 34 to obtain an order compelling the production of documents if the party from whom discovery is sought refuses or fails to respond to a proper request for the production of documents.
 {¶ 11} The attorney-client privilege is set forth in R.C.2317.02(A) which provides:
"(A) An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client. However, if the client voluntarily testifies or is deemed by section 2151.421
[2151.42.1] of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject."
 {¶ 12} As a general rule, communications between an attorney and his or her client are privileged. See R.C. 2317.02(A). The term "client," as used in R.C. 2317.02(A), includes:
"a person, firm, partnership, [corporation, or other association that, directly or through any representative, consults an attorney for the purpose of retaining the attorney or securing legal service or advice from him in his professional capacity, or consults an attorney employee for legal service or advice, and who communicates, either directly or through an agent, employee, or other representative, with such attorney[.]"
 {¶ 13} "The attorney-client privilege bestows upon a client a privilege to refuse to disclose and to prevent others from disclosing confidential communications made between the attorney and client in the course of seeking or rendering legal advice. Thus, the attorney-client privilege belongs to the client, and the only materials protected are those which involve communications with his attorney." Frank W. Schaefer, Inc. v. C.Garfield Mitchell Agency, Inc. (1992), 82 Ohio App.3d 322, 329. (Emphasis added.)
 {¶ 14} In Schaefer, the court also adopted a tripartite test for determining whether the attorney-client privilege has been waived when privileged communications relating to a prior litigation are at issue in a subsequent lawsuit. Under that test, first set forth in Hearn v. Rhay (E.D.Wash. 1975),68 F.R.D. 574, the attorney-client privilege is deemed waived by the asserting party if (1) assertion of the privilege is the result of some affirmative act, such as filing suit, by the asserting party; (2) through the affirmative action, the asserting party has placed the protected information at issue by making it relevant to the case; and (3) application of the privilege would deny the opposing party access to information vital to its defense. Schaefer, supra at 330. We are particularly concerned with the second and third prongs of the test.
 {¶ 15} As to the issue of privilege itself, Bassett cites toJerome v. A-Best Prods. Co., Cuyahoga App. Nos. 79139, 79140, 79141 79142, 2002-Ohio-1824, for the proposition that information regarding the written and/or oral communications concerning the underlying facts of the alleged professional malpractice are not per se privileged by the mere fact that the information is conveyed to an attorney. Jerome, however, held that:
"Hickman [v. Taylor (1946), 329 U.S. 495, 510-512] and its progeny recognize two different types of work product which are given different levels of protection. Opinion work product, revealing the mental impressions, legal theories and conclusions of a lawyer or party involved in a case, is available to an opposing party only upon an exceptional showing of need, in rare and extraordinary circumstances, or when necessary to demonstrate that a lawyer or party has engaged in illegal conduct or fraud. (Citations omitted).Ordinary fact or "unprivileged fact" work product, such as witness statements and underlying facts, receives lesser protection. Written or oral information transmitted to the lawyer and recorded as conveyed may be compelled upon a showing of "good cause" by the subpoenaing party. "Good cause," in Civ.R. 26(B)(3), requires a showing of substantial need, that the information is important in the preparation of the party's case, and that there is an inability or difficulty in obtaining the information without undue hardship. State v. Hoop [(1987), 134 Ohio App. 3d 627, 642] also held that a party requesting disclosure of fact work-product must demonstrate that its need for disclosure is more important than the protections afforded by the privilege. Insofar as the forced disclosure of facts is concerned, * * * the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of "fishing expedition" serve to preclude a party from inquiring into the facts underlying his opponent's case. * * * Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. (Citations omitted)."
 {¶ 16} In interrogatories numbers 8 and 10 and production of document request number 11, Bassett requested information that could arguably fall under the umbrella of either opinion work product or ordinary fact work product. The possibility of two differing forms of protection under the attorney-client privilege necessitate an evidentiary hearing. Therefore, any blanket grant compelling discovery was an abuse of discretion as the trial court must first conduct a hearing to determine the nature of the privilege. The rationale for conducting such a hearing will be further discussed under Miller's third assignment of error.
 {¶ 17} Bassett also asserts that Muehrcke v. Housel,
Cuyahoga App. Nos. 85643 85644, 2005-Ohio-5440, addressed a nearly identical privilege as the case at hand. The underlying claim in Muehrcke, however, involved a request for the production of attorney fee bills in a legal malpractice action. Here we are presented with an accounting negligence claim where the defendant-accountant has requested information concerning a plaintiff's communications with his current attorneys and is therefore, clearly distinguishable from Muehrcke, supra.
 {¶ 18} In sum, it is clear from the plain language of interrogatories 8 and 10 and request for production number 11, that Bassett sought information that was protected by attorney-client privilege. There is no indication in the record that Miller waived any portion of the privilege and therefore we find that the trial court abused its discretion in granting Bassett's motion to compel discovery as it relates to interrogatories 8 and 10 and production of documents request number 11. The overall scope of the attorney-client privilege as it relates to these interrogatories however remains at issue and, therefore, we find that the trial court must conduct an evidentiary hearing to determine the precise nature of the privilege.
 {¶ 19} As it relates to interrogatory number 9, this court can see no reason why compelling discovery of that mere "name" information of attorneys, law firms or professional associations would fall under the protection of the attorney-client privilege. We therefore affirm the trial court's order compelling discovery as to interrogatory number 9.
 {¶ 20} For these reasons, Miller's first assignment of error, as to interrogatories 8 and 10 and production of document request number 11 has merit and, therefore, we remand this issue for a hearing.
II. Physician-Patient Privilege
 {¶ 21} In his second assignment of error, Miller asserts error in the trial court's grant of the motion to compel since production would violate the physician-patient privilege.
 {¶ 22} The physician-patient privilege must be strictly construed against the party asserting it. Calihan v. Fullen
(1992), 78 Ohio App.3d 266, 270. Further, the patient is the holder of the physician-patient privilege and may invoke the privilege to preclude access under the Rules of Civil Procedure governing discovery or to bar testimony at trial to information acquired by virtue of the physician-patient relationship upon satisfaction of the following criteria:
"(1) The matter sought to be disclosed constituted a `communication' as defined under R.C. 2317.02(B)(3); (2) The communication took place between the patient and a doctor of medicine, doctor of osteopathic medicine, doctor of podiatric medicine or dentist; see R.C. 2317.02(B)(4); and(3) The patient has not waived the privilege by express consent or by filing a civil claim. See R.C. 2317.02(B)(1)." See Calihan, supra at 270.
 {¶ 23} The underlying lawsuit seeks a determination that Bassett was professionally negligent while serving as the accountant for Par One, Inc. While Miller contends that Bassett's allegedly negligent actions caused the "negligent infliction of severe emotional distress" (Plaintiff's Complaint, Second Cause of Action), and asserts that Miller "suffered emotional distress and serious mental anguish" (Plaintiff's Complaint, paragraph 17), we cannot see how such an allegation places Miller's physical condition at issue to the large extent requested by Bassett. Further, in a case of professional accounting negligence and emotional distress, the scope of interrogatory number 20, motor vehicle accidents occurring over the past fifteen years, has no applicability to the case, and Miller has not put such a claim into issue. Further, interrogatory number 19, seeking any records regarding drug or alcohol abuse, including the use of illegal substance use and the frequency of such use over the past ten years, exceeds the scope of discovery, and as Miller has not put this facet of his "health" in issue, any treatment sought as to this alleged use of illegal substances, treatment, etc. would be protected by the physician-patient privilege as well.
 {¶ 24} Turning to interrogatory number 18, disclosure of Miller's primary/family physician, any medical condition which required hospitalization over the last ten years, and disclosure of any mental or physical condition present within the last ten years, we find that the trial court's order compelling discovery must partially stand. By asserting claims of negligent infliction of severe emotional distress, Miller has put his mental health directly at issue. While we recognize that the underlying action is nonetheless a professional negligence action, when a party directly places their health at issue, the basis for this underlying cause of action is discoverable.
 {¶ 25} Interrogatory number 18(a) requests the name of Miller's primary/family physician; information which is discoverable in this instance as there is no indicia of privilege. However, 18(b) and (c) request information on any medical condition that has either required hospitalization or has arisen within the past ten years. We find that there are two problems with compelling discovery in this instance.
 {¶ 26} First, Miller put his "mental health" directly at issue by contending that Bassett caused him to suffer from severe emotional distress. He makes no further assertion of failing physical health, nor has any discovery been conducted to an extent that this court could find that Miller also put his physical health at issue, or to assert that these claims of emotional distress contain a physical element. Therefore, any discovery that seeks information regarding Bassett's physical health is not germane at this time, and would be protected under the doctrine of physician-patient privilege. To clarify, this court can see no waiver of privilege and, therefore, we find that information relating to Miller's physical health is protected by physician-patient privilege.
 {¶ 27} The second issue surrounding the trial court's order compelling discovery is the time frame during which Basset seeks to discover information. Although Bassett requests a ten-year "look-back" period, there is no indication why such a time span was chosen or when the time frame would begin to run. Would discovery be applicable from the date of the discovery of the negligence, from the date of the interrogatory, or perhaps from some other starting point? Since there is no indication as to the proper look-back period, an evidentiary hearing must be held on the issue of timing so that specific dates can be given. The necessity of an evidentiary hearing will be discussed further under Miller's third assignment of error.
 {¶ 28} For these reasons, the decision of the trial court compelling production of discovery as to interrogatories 19 and 20 is reversed on the grounds that the answers sought are protected by the physician-patient privilege. The order to compel discovery as to interrogatory number 18 is affirmed as to any request for the mental health information that Miller has directly put at issue and through his claim for severe emotional distress. However, we mandate that the trial court conduct an evidentiary hearing to determine the appropriate look-back time frame of the discovery request.
III. Evidentiary Hearing
 {¶ 29} In Miller's third and final assignment of error, he asserts that the grant of the motion to compel discovery was error because of the trial court's failure to conduct an evidentiary hearing when the responses are irrelevant to the subject matter of the complaint.
 {¶ 30} Based on our disposition on assignments of error one and two, this case is reversed and remanded in part. Because of this remand, we find that the trial court must conduct an evidentiary hearing before ruling on the remaining issues. As the Supreme Court held in United States v. Zolin (1986),491 U.S. 554, 109 S.Ct. 2619, upon assertion of attorney-client privilege, a judge shall conduct an in camera review to determine whether such privilege applies. As at issue under Miller's first assignment of error, this court has extended that ruling to include assertions of work-product privilege. Stelma v.Juguilon (1992), 73 Ohio App.3d 377, 389.
 {¶ 31} With respect to the trial court's failure to conduct an evidentiary hearing on those interrogatories that we have ordered discovery be compelled, we find that this assignment of error is moot as interrogatory 9 was never protected by attorney-client privilege and that interrogatory 18 as it relates to Bassett's mental conditions are similarly not protected as the privilege was waived. Based on our earlier determinations, Miller's final assignment of error is moot solely as to interrogatory 9 and the mental health portions of interrogatory 18.
 {¶ 32} Miller's third assignment of error has merit as to interrogatories 8, 10, portions of 28 and 19 and request for production of documents request number 11.
 {¶ 33} This case is affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent with this opinion.
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs
 Kenneth A. Rocco, J., Dissents (see separate dissentingOpinion Attached).
 APPENDIX
ASSIGNMENTS OF ERROR
"I. THE TRIAL COURT ERRED BY SUMMARILY AND WITHOUT EVIDENTIARY HEARING, GRANTED THE APPELLEE'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND THE PRODUCTION OF DOCUMENTS THAT ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.
II. THE TRIAL COURT ERRED BY SUMMARILY AND WITHOUT EVIDENTIARY HEARING, GRANTED THE APPELLEE'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES THAT ARE PROTECTED BY THE PHYSICIAN-PATIENT PRIVILEGE.
III. THE TRIAL COURT ERRED BY SUMMARILY AND WITHOUT EVIDENTIARY HEARING, GRANTED THE APPELLEE'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES THAT ARE NOT RELEVANT TO THE SUBJECT MATTER OF APPELLANTS' COMPLAINT."
 COURT OF APPEALS OF OHIO, EIGHTH DISTRICT COUNTY OF CUYAHOGA NO. 86938
RONALD S. MILLER, et al. : :
Plaintiffs-appellants : :
vs. : DISSENTING : OPINION STEPHEN J. BASSETT, et al. : :
Defendants-appellees :
DATE: JULY 13, 2006