[Cite as *Estate of Eden v. Goldstein*, 2024-Ohio-5803.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT

ESTATE OF DALE EDEN, DECEASED,  :

    Plaintiff-Appellee,  :

                  No. 113288

    v.  :

ROBERT GOLDSTEIN, M.D., ET AL.,  :

    Defendants-Appellants.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** December 12, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-962194

---

### *Appearances:*

Petersen & Petersen, Susan E. Petersen, and Todd Petersen, *for appellee.*

Hanna, Campbell & Powell, LLP, Gregory T. Rossi, W. Bradford Longbrake, and Emily R. Yoder, *for appellants* University Hospitals Health System, Inc., PrimeHealth Inc. d.b.a. Lake Health Physician Group, and Lake Hospital System, Inc. d.b.a. Lake Health.

ANITA LASTER MAYS, J.:

{¶ 1} Defendants-appellants University Hospitals Health System, Inc. ("UHHS"), PrimeHealth, Inc., d.b.a. Lake Health Physician Group ("PrimeHealth"), and Lake Hospital System, Inc. d.b.a. Lake Health ("LHS") (collectively "appellants") appeal from the trial court's discovery order in favor of plaintiff-appellee Karen Eden ("Karen") as the estate representative for her late husband Dale Eden ("Eden") (collectively "appellee"). We dismiss the appeal for lack of jurisdiction.

## I. Background and Pertinent Facts

{¶ 2} The current appeal stems from the trial court's discovery orders granting appellee, appellee's counsel, and appellee's expert witness the right to conduct a virtual inspection of appellants' internal electronic medical records ("EMR") software system to review Eden's electronic medical records.

{¶ 3} On April 18, 2022, the instant case was filed for malpractice and wrongful death alleging the negligent prescription and administration of Amiodarone to Eden during his illness from 2017 until his demise on December 4, 2020. Appellee alleged that Amiodarone is an anti-arrhythmic drug used to treat patients with chronic, severe cardiac conditions that caused severe toxicity and suffering to Eden. Subsequent amendments to the complaint added parties and claims including a claim that appellants altered Eden's medical records to avoid liability.

**{¶ 4}** In November 2022, appellee served UHHS and PrimeHealth with a notice of videotaped deposition under Civ.R. 30(B)(5) and Civ.R. 34 request for production and for virtual inspection of the EMR. Appellees requested in part:

> "Pursuant to Civ.R. 34(A)(2) and (3), Defendant shall allow representatives of Plaintiff to inspect the electronic medical records for Dale Eden. As part of this inspection, Defendant shall provide Plaintiffs' representatives remote access to . . . [the EMR] system so that counsel for Plaintiff can access and view Mr. Eden's records (and **only** Mr. Eden's records) directly in the . . . system. This inspection of the EMR can be done by Zoom during the deposition."

(Emphasis in original.) Appellants' brief at p. 6, quoting the discovery request.

**{¶ 5}** In January 2023, appellants moved for a protective order. Appellants argued that direct, real-time access was an invasion of privacy and confidentiality; sought embedded, residual, and deleted data; and would include nonpublic medical information subject to the physician-patient relationship created or accessed before and after the lawsuit was filed. Appellants also argued the request was a fishing expedition, unduly burdensome, and disproportional to the needs of the case under Civ.R. 26(B)(1).

**{¶ 6}** Appellee's opposition to the motion was supported by a comprehensive affidavit from expert Michele Gonsman ("Gonsman"), an experienced clinical forensic document analyst familiar with appellants' EMR software systems. Gonsman's averments included that appellants had not produced all available data, the request was limited to Eden's data, and that EMR systems have become the original record. Gonsman conducted over 30 live inspections, and one of those inspections was conducted in *Bolaney v. Mapleview Operating Co., L.L.C.,*

Cuyahoga C.P. No. CV-20-934555 (July 2, 2020), dismissed for lack of jurisdiction, *Bolaney v. Mapleview Operating Co., L.L.C.,* 8th Dist. Cuyahoga No. 110373, Motion No. 545494, Docket ID 116746957 (Apr. 4, 2021), *recon. den.* COA 21-110373, Motion No. 546076, Docket ID 117004289 (8th Dist. June 21, 2021), *appeal not accepted for review in Bolaney v. Mapleview Operating Co., L.L.C.*, 2021-Ohio-2742. ("*Bolaney Case*"). Gonsman also explained that appellants' discovery responses indicated responsive information had not been produced from the entirety of the EMR system and the data produced was inappropriately time limited. The affidavit also delved into applicable federal law and additional facts supporting the request in the instant case.

{¶ 7} On February 21, 2023, appellants responded that the identity of the most knowledgeable individual "about the development, use, and maintenance of the electronic medical records and/or electronic incident reporting" had been provided to appellee, but appellee had "not taken a single deposition." Appellants contended appellee was attempting to "circumvent the discovery process through a virtual inspection to obtain access to information that the defense maintains is not subject to discovery." Appellants rejected Gonsman's assertion that federal law supported the request, and advised that appellants' responses were still being compiled to the "voluminous" discovery requests.

{¶ 8} Appellants expressed numerous concerns about Gonsman's affidavit, including the following: Gonsman did not state that data could not be inadvertently accessed; that confidential or privileged information could not be disclosed and

particularly information created after the lawsuit was filed; appellee's "beliefs" or "suspicions" that data was altered or omitted did not mean it was true; the request was unduly burdensome and disproportional to the needs of the case; redactions to the EMR audit trail information had no bearing on the issue of whether virtual access should be permitted; and the trial court should not adopt a protocol that had not been agreed upon by the parties.

{¶ 9} On March 2, 2023, appellees moved to compel complete responses to "Plaintiff's First and Second Set of Interrogatories and Requests for Production of Documents." The motion included extracts of various discovery requests and responses and a discussion of the grounds for each item.

{¶ 10} On May 15, 2023, appellee informed the trial court of a virtual EMR inspection conducted by agreement in a wrongful death case against appellant LHS in *Rose Crnjak v. Lake Hosp. Sys., Inc., et al.*, Cuyahoga C.P. No. 20-CV-932285 (May 1, 2020). The submission included excerpts from the deposition demonstrating how the virtual examination was accessed and controlled. Appellee argued that appellants' "previous allowance of a virtual inspection of a deceased patient's EMR without objection highlights their recognition of remote access as a legitimate means of reviewing medical records." Appellee's Supplemental Brief in Opposition to Motion for Protective Order, p. 9. "This precedent underscores the inconsistency and lack of sincerity in their arguments against a virtual inspection in this case." *Id.*

{¶ 11} The protective order was denied on June 5, 2023:

> Defendants are ordered to allow plaintiff access to Decedent Dale Eden's electronic medical record via virtual inspection with an expert as requested in plaintiff's notice of 30(b)(5) videotaped deposition with Rule 34 request for production and request for virtual inspection of EMR.
>
> The virtual inspection shall be conducted on an agreed upon date no later than 7/31/2023. Inspection shall be subject to protected protocol and/or a privacy agreement that the parties shall agree upon prior to its occurrence. Parties to confer with one another with respect to the agreed protocol and submit a proposed copy to the court for approval no later than (7) days prior to the scheduled inspection date.

Journal Entry No. 148470702 (June 5, 2023) ("June 5 P.O. Denial"). The order warned that failure to comply could be subject to sanctions.

{¶ 12} On June 22, 2023, an entry was issued and electronically filed at 13:40:30, stating that "the motion to compel is granted." Journal Entry No. 150288714 (June 22, 2023) ("June 22 Compel Order"). Eight seconds later, at 13:40:38, the trial court electronically filed an entry providing:

> The parties are ordered to complete their compliance with this court's 6/5/23 explicit order to confer and work towards conveying to the court a proposed copy of agreed protocol, for the court ordered remote inspection of electronic medical record[s] of Dale Eden. Telephone conference to discuss status of compliance is set as follows: telephone conference set for 7/12/23 at 11:00 a.m. . . .

Journal Entry No. 150288804 (June 22, 2023) ("June 22 Protocol Order").

{¶ 13} On June 30, 2023, appellants appealed. The June 5 P.O. Denial and June 22 Protocol Order were attached. The June 22 Compel Order was not. Appellee moved to dismiss the appeal, appellants opposed, and appellee replied.

**{¶ 14}** On July 28, 2023, the motion to dismiss the appeal was denied as moot and in a separate entry this court dismissed the appeal for lack of a final appealable order ("FAO").

> Sua sponte, the appeal is dismissed for lack of a final appealable order. Pursuant to the trial court's order, discovery is contingent on the parties entering into an agreed protocol as to the virtual inspection of the electronic medical records. Although the parties contend in their motions that there has been no agreement as to the protocol, the trial court has yet to issue an order that discovery shall proceed despite this lack of a protocol. An order "that leaves issues unresolved and contemplates future action is not a final, appealable order. *VIL Laster Sys., L.L.C, v. Shiloh Industries, Inc*, 119 Ohio St.3d 354, 2008-Ohio-3920, ¶ 8.

*The Estate of Dale Eden, Deceased v. Robert Goldstein, M.D., et al.*, 112940, Motion No. 566383, Docket ID 153671818.  ("*Eden I*").

**{¶ 15}** On July 31, 2023, appellants moved for reconsideration arguing the dismissal considered only the June 5 P.O. Denial and reconsideration was necessary to preserve the right to appeal the June 22 Compel Order. Appellants also stated the June 22 Protocol Order was not related to the compel order.

**{¶ 16}** On August 1, 2023, appellants moved for leave to file an amended notice of appeal to include the June 22 Compel Order.  On August 17, 2022, this court granted leave to allow the amendment and consider whether the entry was a final appealable order.

**{¶ 17}** On August 21, 2023, this court dismissed the appeal:

> Sua sponte, the appeal is dismissed. The June 22, 2023, order compelling the appellant to produce documents does not constitute a final appealable order. Most of the discovery was objected to due to relevancy, the discovery was burdensome, and that the documents

were already produced. Such objections concern general discovery issues, which are not subject to interlocutory appeals. *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480. The remaining documents were objected to on the basis they contained proprietary and confidential information. However, no support was provided for this contention. A stipulated protective order is in place to protect any confidential information. Appellant also contends that the audit trail showing post-death access of the appellant's electronic medical records would disclose attorney work product. However, due to the redaction of the audit trail, the record is not adequately developed to determine if work product would be disclosed. Civ.R. 26(B)(4) allows for discovery of materials that constitute attorney work product with a showing of good cause. *Blue Techs. Smart Sols., LLC v. Ohio Coll. Learning Sols., Inc.*, 8th Dist. Cuyahoga No. 110501, 2022-Ohio-1935. Therefore, unlike attorney-client privilege, there is no assumption that appeal after final judgment would not provide an adequate remedy. *Id.* at ¶ 20. The current record does not support an interlocutory appeal.

*Eden I*, Journal Entry dated Aug. 21, 2023, Motion No. 566902.

{¶ 18} On August 23, 2023, appellee filed a motion to show cause in the trial court and requested an expedited hearing regarding compliance with the June 22 Compel Order. A hearing was conducted on October 5, 2023.

{¶ 19} Appellants demonstrated partial compliance with discovery at the hearing and provided a portion of the unredacted EMR audit trail and access logs from 2017 through January 2023. Two of appellants' employees testified the audit trails produced had not been, and could not be, altered. They stated on cross-examination that access to Eden's chart was a two-step process. One part of the EMR system required logging in and entering the name or medical record number. Another part of the system required logging in and accessing the patient look-up feature.

{¶ 20} Appellee argued that the trial court's June 22 Compel Order granted appellee's proposal within the motion that the trial court adopt the inspection protocol appellee attached as an exhibit to its opposition to appellants' motion for a protective order. The trial court rejected the proposition and advised that the failure of the parties to reach an agreement by October 12 would result in the trial court determining the inspection protocol. On October 6, 2023, the trial court issued an entry continuing the show cause hearing to November 1, 2023, and reiterating that the "[p]arties are ordered to submit agreed protocol with respect to the court ordered virtual inspection of electronic medical record no later than 10/12/23. Virtual inspection shall be conducted on 10/19/23." Journal Entry No. 160730785 (Oct. 6, 2023). Concurrently, the trial court signed and journalized the Joint Stipulation and Protective Order executed by the parties on January 26, 2023.

{¶ 21} On October 17, 2023, the trial court issued a journal entry providing, "The court has been notified that agreed protocol could not be reached by the parties in anticipation of the court-ordered virtual inspection of decedent's medical record. Upon consideration of the parties' briefs, the court adopts the attached protocol." Journal Entry No. 161948547 (Oct. 17, 2023) ("Court Protocol Order"). Appellants contend that, at that point, the June 5 P.O. Denial and subsequent entries became final appealable orders and initiated the instant appeal.

{¶ 22} On October 20, 2023, appellee moved to dismiss the appeal, appellants opposed on October 30, 2023, and appellee replied on November 6,

2023. On December 13, 2023, this court referred the dismissal motion to the panel deciding the appeal on the merits.

## II. Motion to Dismiss the Appeal

{¶ 23} Appellee argues appellants are attempting to appeal the June 22 Compel Order dismissed by this court in *Eden I* that serves as binding precedent in this case. Alternatively, appellee asserts the June 5 P.O. Denial, and the Court Protocol Order are not FAOs under R.C. 2505.02 and *Smith v. Chen*, 2015-Ohio-1480.

{¶ 24} "This court has jurisdiction to review final orders or judgments of lower courts within our district." *U.S. Bank Natl. Assn. v. O'Malley*, 2018-Ohio-4428, ¶ 13 (8th Dist.), citing Ohio Const., art. IV, § 3(B)(2); R.C. 2501.02. "If the order is not a final, appealable order, we lack jurisdiction and must dismiss the appeal." *Madfan, Inc. v. Makris*, 2015-Ohio-1316, ¶ 11 (8th Dist.).

{¶ 25} Appellants contend the orders are final and appealable as a provisional remedy under R.C. 2505.02(B)(4) and 2505.02(A)(3). "A proceeding for 'discovery of privileged matter' is a 'provisional remedy' within the meaning of R.C. 2505.02(A)(3).'" *Smith v. Chen*, 2015-Ohio-1480, ¶ 5. "[A]n order requiring the production of information protected by the attorney-client privilege causes harm and prejudice that inherently cannot be meaningfully or effectively remedied by a later appeal." *Burnham v. Cleveland Clinic*, 2016-Ohio-8000, ¶ 2.

## A. Binding Precedent

{¶ 26} Appellee states it submitted a proposed inspection protocol with the opposition to appellants' motion for a protective order that was denied in the June 5 P.O. Denial. While that motion was pending, on March 2, 2023, appellee filed a "motion to compel discovery."[1] Appellee maintains the motion to compel included a request to compel that appellants adopt the proposed protocol.[2] As a result, appellee contends that the trial court's June 22 Compel Order resulted in the express adoption of the proffered protocol and that this court's August 21, 2023 order finding the June 22 Compel Order was not an FAO because it did not support an interlocutory appeal, became binding.

---

[1] The 152-page motion to compel requested the trial court's assistance with obtaining complete responses to the first and second sets of interrogatories and requests for production of documents. The motion contains insertions and attachments of the discovery items in question, appellants' responses including copies of photographs or documents, and an explanation of appellee's issue with the response or lack thereof. The motion also adopts and incorporates various other filings by appellee that are not attached.

[2] Page 29 of the motion to compel provides:

As to the following Second for Production to UHHS/PrimeHealth Request No. 2, Plaintiff adopts and incorporates by reference the Requests made in Plaintiff's Brief in Opposition to Defendant's Motion for Protective Order as to Plaintiff's Notice of Inspection and Motion to Adopt Virtual Inspection Protocol (BIO PO) which is currently pending before the court. An Order compelling a virtual inspection with the proposed protocol attached as Exhibit B to that filing is what we need to remedy Defendant's UHHS and PrimeHealth's incomplete response to the following request. . . .

A review of appellee's brief in opposition to the motion for a protective order reveals several references to the protocol employed in the *Bolaney Case* attached as Exhibit B as containing appropriate safeguards for the inspection.

{¶ 27} The record unequivocally reflects the trial court's repeated directives to the parties to negotiate and submit an agreed protocol and continuous rescheduling of the inspection. The lack of a protocol resulting in dismissal of the June 5 P.O. Denial and the June 22 Compel Order not only left those orders intact, but the June 22 Protocol Order concurrently issued by the trial court removed any doubt that the trial court did not adopt the proposal buried within the 152-page motion to compel.

{¶ 28} Thus, appellant's contention that the June 22 Compel Order adopted appellee's proposed protocol and became binding on the parties lacks merit.

## B. Finality of June 5 P.O. Denial and October 17 Court Protocol Order

{¶ 29} Appellee also argues that the June 5 P.O. Denial and October 17 Court Protocol Order are not FAOs under R.C. 2505.02 and *Smith v. Chen*, 2015-Ohio-1480.

{¶ 30} As appellee emphasizes, this court addressed a similar situation in the *Bolaney Case*. *The Bolaney Case* involved a wrongful death claim alleging nurse and physician negligence, state and federal nursing home law violations, systematic corporate neglect of duty, conscious disregard of patient safety, and spoliation of evidence.

{¶ 31} The *Bolaney Case* trial court granted plaintiff's request for a videotaped virtual inspection of the decedent's electronic medical chart in defendant's electronic medical record software module to be recorded and conducted using Zoom. Clinical forensic document analyst Gonsman served as the

expert in that case as addressed by Gonsman's affidavit in the instant case. Gonsman stated the trial court approved the "protective protocol and/or privacy agreement" arrived at by the parties — the agreement appellee urged appellants to adopt in the instant case.

{¶ 32} As appellants advance in the instant case, the *Bolaney Case* appellants also argued there was a risk of exposure of confidential or privileged information during the EMR view. This court held:

> Motion by appellee to dismiss appeal for lack of a final appealable order is granted. Discovery orders not involving the discovery of confidential or privileged information are not final appealable orders under R.C. 2505.02(B)(4). *Myers v. Toledo,* 110 Ohio St.3d 218, 2006-Ohio-4353. The trial court's order allowing the estate of the decedent to view the decedent's electronic medical records maintained by the appellants does not involve privileged or confidential information. Appellants are concerned that other privileged or confidential documents would be viewable. However, the court approved a protected protocol and privacy agreement, which provides in part "the parties presently agree that the inspection shall be confined to the resident's clinical records only and shall not include any facility level reports or other patient data." Additionally, under the approved protocol, the appellants would control the remote viewing of the electronic documents. . . . Appeal is dismissed.

*Bolaney Case*, Journal Entry Apr. 14, 2021, Motion No. 54594.

{¶ 33} The defendants' motion for reconsideration was also denied.

> Application by appellants for reconsideration is denied. By the terms of the protective order, discovery is limited to the appellee-decedent's electronic clinical records. Pursuant to the discovery protocol, the appellants are given control over what is actually viewed by the appellee during the remote viewing of the electronic medical records. Even if the appellants' emails to the trial court's staff attorney properly raised the concern that the remote viewing may result in the appellee viewing documents that are outside the scope of discovery, the trial court's order restricts the viewing to the decedent's clinical records and does

not allow for the release of privileged documents. *Smith v. Chen*, 142 Ohio St.3d 411, 2015-ohio-1480.

*Bolaney Case*, Journal Entry Apr. 5, 2021, Motion No. 546076.

{¶ 34} Appellants argue that the *Bolaney Case* is distinguishable as the current protocol was not agreed to by the parties like in the *Bolaney Case*. We do not find *Bolaney* to be inapplicable.

{¶ 35} In the instant case, we held regarding the June 22 Compel Order:

Sua sponte, the appeal is dismissed. The June 22, 2023, order compelling the appellant to produce documents does not constitute a final appealable order. Most of the discovery was objected to due to relevancy, the discovery was burdensome, and that the documents were already produced. Such objections concern general discovery issues, which are not subject to interlocutory appeals. *Smith v. Chen*, 142 Ohio St.3d 411,2015-Ohio-1480. The remaining documents were objected to on the basis they contained proprietary and confidential information. However, no support was provided for this contention. A stipulated protective order is in place to protect any confidential information. Appellant also contends that the audit trail showing post-death access of the appellant's electronic medical record would disclose attorney work product. However, due to the redaction of the audit trail, the record is not adequately developed to determine if work product would be disclosed. Civ.R. 26(B)(4) allows for discovery of materials that constitute attorney work product with a showing of good cause. *Blue Techs. Smart Sols., LLC v. Ohio Coll. Learning Sols., Inc.*, 8th Dist. Cuyahoga No. 110501, 2022-Ohio-1935. Therefore, unlike attorney-client privilege, there is no assumption that appeal after final judgment would not provide an adequate remedy. *Id*. at ¶ 20. The current record does not support an interlocutory appeal.

Journal Entry Aug. 21, 2023.

{¶ 36} As in the *Baloney Case*, the trial court's detailed protocol contains safeguards and limitations. The protocol includes that the trial court's imposition of the protocol "is not a waiver of Defendants' objections, nor does it represent any agreement by Defendants that the Protocol is sufficient to protect Protected Health

Information ('PHI') and/or other privileged materials from dissemination during the Remote Inspection." The remote inspection ("RI") will take place via Zoom, may be video recorded, and is limited to four hours. Appellants are to appoint a single designee to access the system. The information to be viewed is limited to that of "Dale Eden from 2017 to present" maintained on the listed software systems and viewing third-party information is prohibited. Appellee will designate a single individual to make requests of appellants' designee who will be the only individual with direct control of the system.

{¶ 37} The screen share function will be disabled and enabled only after appellants have performed a good-faith review of the screen contents. Appellants retain the right to object and provide legal counsel to their designee. Where the appellants determine the information is not subject to discovery, the screenshot view will not be enabled for appellee. Appellants will file a screenshot of the information under seal for the trial court's in camera inspection. The trial court will determine whether the information is discoverable.

{¶ 38} Appellants are to supply screenshots as requested by appellee that are required to contain watermarks and a statement that it is subject to a Confidentiality Agreement. Appellants may review the screenshots after the inspection and determine whether they should be produced to appellee. Where appellants object, the screenshot will be provided to the trial court under seal for an in camera inspection.

{¶ 39} Though appellants control the sharing of information, appellants offer that the protocol does not contain a provision that the appellee will not view confidential, protected, and/or attorney information. Appellants concede that the trial court included the following agreed-upon language from the parties' unsuccessful protocol negotiations that recognizes the potential for an inadvertent disclosure:

> Although Defendants' Team will perform a good faith review of information on the screen before the share screen function is enabled as the Defendants' Designee navigates the systems as requested by Plaintiff's Designee, the following terms apply. . . .
>
> b. The inadvertent disclosure of any privileged information, including, but not limited to information protected from disclosure by the attorney-client privilege, work-product doctrine, physician-patient privilege, and/or peer review or quality assurance privilege shall not in any way be viewed as a waiver of any and all applicable privileges.

Appellants' Opposition to Motion to Dismiss, p. 15-16.

{¶ 40} It also appears from the record that the procedure to mark confidential information was derived from the parties' fully executed Joint Stipulation and Protective Order adopted by the trial court on October 6, 2023.

{¶ 41} The protocol provides that appellee shall only review Eden's records. Appellants' designee has exclusive control of the screen sharing process, appellants preapprove what is shared, and objectionable information is reviewed in camera by the trial court. Appellants do not explain how the disclosure would occur.

{¶ 42} It is also noted that appellants have included a broad claim of potential exposure to information subject to the attorney-client privilege. This court has previously explained that "[b]lanket assertions that discovery responses are

privileged are insufficient to meet the burden of establishing the existence of a privilege." *Camacho v. Rose-Mary, Johanna Grasselli Rehab.*, 2024-Ohio-2802, ¶ 33 (8th Dist.), citing *Muehrcke v. Housel*, 2005-Ohio-5440, ¶ 20 (8th Dist.) (finding that the blanket assertion of attorney-client privilege without even requesting an in camera inspection was insufficient to meet the burden of establishing that the documents at issue were privileged).

{¶ 43} "'[A]n in camera document review for relevancy and privilege is considered the "best practice."'" *Howell v. Park E. Care & Rehab.*, 2019-Ohio-3283, ¶ 27 (8th Dist.), quoting *Howell v. Park E. Care & Rehab.*, 2018-Ohio-2054, ¶ 24 (8th Dist.), citing *Sessions v. Sloane*, 248 N.C. App. 370, 385 ( 2016); *Doe v. Mt. Carmel Health Sys.*, 2004-Ohio-1407 (10th Dist.).

{¶ 44} We recently distinguished orders that required parties to produce documents for in camera inspection and orders that require the disclosure of material to another party. *Blue Technologies Smart Solutions, LLC v. Ohio Collaborative Learning Solutions, Inc.*, 2022-Ohio-1935, ¶ 15 (8th Dist.) "An in camera inspection is not an order that requires the disclosure of materials to another party. Therefore, *orders for an in camera inspection do not constitute final orders*." (Emphasis added.) *Id.*, citing *Daher v. Cuyahoga Community College Dist.*, 2018-Ohio-4462. *See also Burnharm*, 2016-Ohio-8000, ¶ 2 ("[A]n order requiring the *production* of information protected by the attorney-client privilege" is a provisional order. (Emphasis added.))

**{¶ 45}** In this case, the protocol adopts the "best practice" as it provides not only that appellants' control what information is shared but allows for an in camera inspection of any allegedly privileged information prior to ordering disclosure that would then constitute a final, appealable order. ""Ohio appellate courts will not review orders that fall short of ordering the disclosure of privileged information."" (Fn. omitted.) *DMS Constr. Ents., L.L.C. v. Homick*, 2020-Ohio-4919, ¶ 55 (8th Dist.), quoting Paul R. Rice, et al., 1 *Attorney-Client Privilege: State Law Ohio*, Section 11:32 (Jun. 2016 Update).

**{¶ 46}** For the reasons set forth herein we agree that this court lacks jurisdiction in the absence of a final appealable order.

## III. Conclusion

**{¶ 47}** Appellee's motion to dismiss the appeal is granted.

It is ordered that appellee recover from appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR