DECUZZI et al., Appellees,

v.

CITY OF WESTLAKE et al., Appellants.

[Cite as *DeCuzzi v. Westlake*, 191 Ohio App.3d 816, 2010-Ohio-6169.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94661.

Decided Dec. 16, 2010.

Michael Terrence Conway Co. and Michael Terrence Conway, for appellees.

Weston Hurd L.L.P., Daniel A. Richards, and John S. Kluznik, for appellants.

## ON RECONSIDERATION [1]

SEAN C. GALLAGHER, Administrative Judge.

{¶ 1} Appellants, the city of Westlake and Mayor Dennis Clough (collectively referred to as "the city"), bring this appeal challenging the trial court's granting of the motion of appellees, Kim DeCuzzi, Kari Davila, and Janine Downs, to compel responses to certain discovery requests. For the reasons set forth herein, we reverse.

{¶ 2} On March 16, 2009, appellees, who are current and former employees of the city, filed their complaint alleging wrongful termination, pay discrimination, hostile work environment, unsafe work environment, and witness intimidation.[2] The city filed its answer denying appellees' claims and asserting 27 affirmative defenses. In the course of discovery, appellees propounded interrogatories and requests for production of documents; only interrogatory Nos. 3, 6, and 12 are at issue on appeal.

{¶ 3} Interrogatory 3 reads as follows: "Please state the exact factual defense which will be affirmatively proved in the Defendants' case in chief at trial by specific reference to facts, exhibits, dates, witnesses, and transactions between the parties. Please state the factual basis for any affirmative defense."

{¶ 4} Interrogatories 6 and 12 are identical and read as follows: "If the Defendant is going to use an immunity defense of any kind to the Complaint in this case, please identify the immunity defense by its type (i.e., absolute, qualified, etc.) and identify what facts establish the defense."

{¶ 5} In response, the city objected on the basis that the requests were vague and overbroad, and furthermore that Civ.R. 26 "does not allow for the discovery of the factual basis for a party's affirmative defenses," citing this court's holding in *Sawyer v. Devore* (Nov. 3, 1994), Cuyahoga App. No. 65306, 1994 WL 614978.

{¶ 6} After much heated debate, name-calling, and threats between counsel—in which appellees demanded supplemental discovery that the city refused to provide—appellees filed a motion to compel and for sanctions. The city opposed the motion on the basis that appellees sought information that was privileged

---

1. The original announcement of this decision, *DeCuzzi v. Westlake*, Cuyahoga App. No. 94661, 2010-Ohio-5365, 2010 WL 4365759, released November 4, 2010, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. See App.R. 22(C); see also S.Ct.Prac.R. 2.2(A)(1).

2. Appellees subsequently filed first and second amended complaints, but their original complaint was filed on the date noted.

under the work-product doctrine. Nonetheless, the trial court granted appellees' motion to compel, and the city brought this appeal.[3]

{¶ 7} In its sole assignment of error, the city argues that the "trial court erred by granting appellees' motion to compel discovery of material which is privileged under the work-product doctrine and which is beyond the scope of Ohio Civ.R. 26."

{¶ 8} Civ.R. 26(B)(1) states: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *."

{¶ 9} When a party claims that the information sought is protected as work product, analysis is undertaken pursuant to Civ.R. 26(B) and pursuant to the Supreme Court's decision in *Hickman v. Taylor* (1947), 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and its progeny. See *Jerome v. A–Best Prods. Co.* (Apr. 18, 2002), Cuyahoga App. Nos. 79139, 79140, 79141, and 79142, 2002 WL 664027. Civ.R. 26(B)(3) sets forth what is commonly referred to as the work-product doctrine. It states the following: "[A] party may obtain discovery of documents, electronically stored information and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative * * * only upon a showing of good cause therefor." Civ. R.26(B)(3); see *Huntington Natl. Bank v. Dixon*, Cuyahoga App. No. 93604, 2010-Ohio-4668, 2010 WL 3814180.

{¶ 10} In *Jackson v. Greger*, 110 Ohio St.3d 488, 2006-Ohio-4968, 854 N.E.2d 487, the Ohio Supreme Court discussed the meaning of "good cause," stating, "[A] showing of good cause under Civ.R. 26(B)(3) requires demonstration of need for the materials—i.e., a showing that the materials, or the information they contain, are relevant and otherwise unavailable. The purpose of the work-product rule is '(1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of his adversary's industry or efforts.' Civ.R. 26(A). To that end, Civ.R. 26(B)(3) places a burden on the party seeking discovery to demonstrate good cause for the sought-after materials." See *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533.

---

**3.** "We note that generally discovery orders are not appealable. * * * However, if the judgment orders a party to disclose allegedly privileged material, it is appealable pursuant to R.C. 2505.02(B)(4)." *Chiasson v. Doppco Dev., L.L.C.*, Cuyahoga App. No. 93112, 2009-Ohio-5013, 2009 WL 3043386, ¶ 9, fn. 4.

{¶ 11} "The existence of a Civ.R. 26(B)(1) privilege as well as Civ.R. 26(B)(3) good cause are discretionary determinations to be made by the trial court. * * * Absent an abuse of discretion, an appellate court may not overturn the trial court's ruling on discovery matters." *Huntington Natl. Bank*, 2010-Ohio-4668, 2010 WL 3814180, at ¶ 17. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 12} The city argues that *Sawyer*, 1994 WL 614978, prohibits the plaintiff's asking for the facts that a defendant relies on to support its affirmative defenses. It seeks a bright-line rule, pursuant to its reading of Sawyer, that the work-product privilege prohibits a request for discovery of facts or evidence that support its legal theories.

{¶ 13} We read *Sawyer* more narrowly. In *Sawyer*, the court found that the plaintiff sought such a vast amount of general information that it could not be viewed as anything more than a "fishing expedition." This court, in affirming the trial court, stated: "Sawyer's discovery request * * * essentially demanded that appellees examine their own body of evidence, determine the elements of that body of evidence relevant to appellees' affirmative defenses and compile the relevant evidence into a neat little package to be used against appellees by Sawyer. Clearly the trial court, had it granted Sawyer's discovery request * * *, would, thus, have permitted Sawyer to take undue advantage of the industry and efforts put forth by appellees' counsel." Id., 1994 WL 614978, at *7.

{¶ 14} *Sawyer* did not address the issue whether the discovery request sought work-product information. Instead, its holding dealt with the enormity of the plaintiff's discovery request and its implicit demand that defense counsel sift through "their own body of evidence, determine the elements of that body of evidence relevant to appellees' affirmative defenses and compile the relevant evidence into a neat little package to be used against appellees." Id. Consequently, we do not read *Sawyer* to prohibit discovery of facts supporting affirmative defenses. See *Alpha Benefits Agency, Inc. v. King Ins. Agency, Inc.* (1999), 134 Ohio App.3d 673, 731 N.E.2d 1209 (this court allowed discovery of facts supporting affirmative defenses).

{¶ 15} *Sawyer*'s holding that opposing counsel should not be required to assemble evidence in a manner that is convenient for the discovering party is not the equivalent of a pronouncement that assembling evidence transforms it into protected work product. If this were the case, opposing counsel could thwart every discovery request by merely reviewing evidence and turning previously discoverable evidence into privileged material. This outcome is clearly not what *Sawyer* intended.

{¶ 16} Furthermore, we are somewhat constrained by the fact that the contested documents are not part of the record and we have not seen them. While it is difficult to determine whether a discovery request seeks work product in the abstract, it is much easier to determine whether responsive material is work product. A dispute over documents in a discovery request can be easily resolved by an in camera review by the trial court. There, the distinction between discoverable evidence and work product is readily apparent. To quote Justice Potter Stewart of the United States Supreme Court, "I know it when I see it." *Jacobellis v. Ohio* (1964), 378 U.S. 184, 197, 84 S.Ct. 1676, 12 L.Ed.2d 793 (Stewart, J., concurring).

{¶ 17} We will not expand or limit the parameters of discovery beyond what is outlined in Civ.R. 26 and the cases that interpret it. Just as the city is entitled to discovery of the facts supporting appellees' complaint, appellees are entitled to discovery of the facts supporting the city's defense; Civ.R. 26 so provides. However, we agree that as worded, appellees' interrogatory No. 3 is vague and overbroad and may be construed as seeking work-product information.

{¶ 18} We also agree with the city that appellees' request in interrogatories 6 and 12 that it "identify the immunity defense by its type (i.e., absolute, qualified, etc.) and identify what facts establish the defense" is beyond the scope of Civ.R. 26. Interrogatories 6 and 12 seek "opinion work-product," which reflects the attorney's mental impressions, opinions, conclusions, judgments, or legal theories. See *Hickman*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. "Because opinion work product concerns the mental processes of the attorney, not discoverable fact, opinion work product receives near absolute protection." *State v. Hoop* (1999), 134 Ohio App.3d 627, 731 N.E.2d 1177. Discovery of this nature is asking the city to divulge *how* it intends to defend its case, and this information can legitimately be considered privileged under the work-product doctrine. Appellees are not entitled to supplemental discovery of the defense counsel's immunity theory, beyond notification that it intends to use an immunity defense.

{¶ 19} Having found that the trial court abused its discretion by granting appellees' motion to compel as it relates to interrogatories 3, 6, and 12, especially without having conducted in camera review of the documents at issue, we sustain the city's assignment of error and reverse the trial court's decision.

Judgment reversed.

CELEBREZZE, J., concurs.

COONEY, J., concurs in judgment only.