[Cite as *N.E. Monarch Constr., Inc. v. Morganti Ents., Inc.*, 2021-Ohio-2438.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

N.E. MONARCH CONSTRUCTION, INC., :

      Plaintiff-Appellee,      :

                                 No. 109845

      v.                        :

MORGANTI ENTERPRISE, INC.,
ET AL.,                      :

      Defendants-Appellants.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** July 15, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-915833

---

### *Appearances:*

David A. Corrado, *for appellee*.

Hanna Campbell & Powell, L.L.P., Kenneth A. Calderone,
and Anne M. Markowski; Brouse McDowell, L.P.A., James
T. Dixon, and Teresa G. Santin, *for appellants*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendants-appellants, Morganti Enterprise, Inc. and Alan Morganti (hereafter appellants will be collectively referred to as "Morganti Enterprise"), appeal the trial court's order granting plaintiff-appellee N.E. Monarch Construction,

Inc.'s ("Monarch Construction") motion to compel discovery. Because we find that the trial court abused its discretion in ordering the production of material claimed to be privileged without first conducting an in camera review, we reverse the trial court's order in part and remand this matter.

PROCEDURAL HISTORY AND FACTS

{¶ 2} Monarch Construction filed suit against Morganti Enterprise, a subcontractor, on two construction projects in two separate cases, alleging claims of breach of contract, negligence, and fraud, as well as seeking to pierce the corporate veil. The lawsuits were consolidated by the trial court and, on November 7, 2019, Monarch Construction submitted 55 interrogatories and 67 requests for production of documents to Morganti Enterprise. Within its discovery requests, Monarch Construction propounded the following discovery requests on Morganti Enterprise:

> Interrogatory No. 13:
> Identify any and all evidence within your possession and/or knowledge that supports each and every response and/or affirmative defense as contained in your First Amended Answer and each and every allegation in your Counterclaim.
>
> Request for Production of Documents No. 23:
> Any and all Documents, notes, memos and/or correspondence between MEI and any other person and/or entity on any matter arising out of and/or connected to this Lawsuit.

{¶ 3} Morganti Enterprise responded in part to the discovery requests on February 3, 2020. On February 12, 2020, Monarch Construction filed a motion to compel and motion for sanctions asserting Morganti Enterprise provided inadequate responses and asserted baseless objections. On February 25, 2020,

Morganti Enterprise filed a combined motion to strike plaintiff's motion to compel and motion to stay briefing on motion to compel in which it alleged Monarch Construction did not make reasonable attempts to obtain the discovery it sought to be compelled. On February 27, 2020, Monarch Construction responded, asserting it did make reasonable attempts to resolve discovery disputes. Morganti Enterprise filed a reply to Monarch Construction's brief. On March 16, 2020, after a pretrial conference was held, the trial court ordered the discovery motions to be held in abeyance. On June 3, 2020, the trial court held a pretrial conference and set a deadline of June 12, 2020, for Morganti Enterprise to file a responsive pleading to Monarch Construction's motion to compel discovery.

{¶ 4} On June 12, 2020, Morganti Enterprise filed a brief in Opposition to Monarch Construction's motion to compel discovery in which they indicated they served several supplemental discovery responses to Monarch Construction. As to interrogatory No. 13, Morganti Enterprise objected and asserted that the interrogatory sought information they need not supply as the interrogatory sought "attorney's work product and strategies" and facts regarding affirmative defenses. They further stated that they provided supplemental information as to request for production of documents No. 23 but objected to the request where it sought "information protected by the work product privilege."

{¶ 5} On June 19, 2020, Monarch Construction replied to Morganti Enterprise's brief noting the response to interrogatory No. 13 was an objection upon attorney work product and defense strategies but argued that Morganti Enterprise

only "responded to the affirmative defenses aspect of the interrogatory and ignored the counterclaim allegation and the answer responses aspect of the interrogatory." As to the request for production of documents No. 23, Monarch Construction noted that Morganti Enterprise asserted privilege but did not provide a privilege log and stated that "[o]nce a privilege log is produced then these documents can be produced to the Court for an in-camera inspection to see if a privilege truly applies."

{¶ 6} On June 23, 2020, the trial court granted Monarch Construction's motion to compel in its entirety. The trial court denied all of Morganti Enterprise's objections to the interrogatories posed and ordered Morganti Enterprise to answer the interrogatories with specificity. The trial court also denied all Morganti Enterprise's objections to the request for production of documents and ordered Morganti to identify with specificity the documents by indicating the Bates stamp numbers that contain the response to each of the document production requests. The trial court ordered submission of the discovery materials within 30 days.

{¶ 7} On July 22, 2020, Morganti Enterprise filed a motion to stay proceedings at 11:16 a.m., a notice of appeal at 4:13 p.m., and a notice of service of their sixth response to discovery at 4:32 p.m. Within the notice of service of their sixth response to discovery, Morganti Enterprise iterated its objections as to interrogatory No. 13 and identified certain documents it supplied to Monarch Construction as being in support of its counterclaim. As to request for production of documents No. 23, Morganti Enterprise iterated its objection based on work product privilege and stated it did not produce certain documents that were

withheld on the basis of work product or attorney client privilege, referencing an attached privilege log. After the appeal was filed, Monarch Construction filed a motion to dismiss, which was referred to this panel for consideration.

## LAW AND ARGUMENT

{¶ 8} Morganti Enterprise presents this court with one assignment of error:

The trial court erred by granting appellee's motion to compel discovery of material that is privileged under the work product doctrine and attorney client privilege.

{¶ 9} Morganti Enterprise argues that the trial court erred in ordering the production of an answer and of documents as to interrogatory No. 13 and request for production of documents No. 23 because these discovery requests necessitate the production of privileged materials. Morganti Enterprise has not argued any other error in the order, and as such, we address only the error of which they complain.

{¶ 10} Monarch Construction argues the trial court's order is proper and that Morganti Enterprise did not properly assert or claim a privilege and as such waived any right to maintain this appeal. Monarch Construction further asserts this argument in its motion to dismiss. We first address Monarch Construction's motion to dismiss. We note that the trial court's order compelling discovery was a final appealable order as far as it compelled the production of privileged material. *See Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 21 ("Any order compelling the production of privileged or protected materials certainly satisfies R.C. 2505.02(B)(4)(a) because it would be impossible to later

obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials."). Monarch Construction argues in the motion to dismiss that because Morganti Enterprise did not file a privilege log with the trial court before it filed the instant appeal, they waived the ability to object to the discovery order and cannot raise issues before this court not raised in the lower court. As we find below that Morganti Enterprise preserved their right to object to the discovery order, we overrule the motion to dismiss.

{¶ 11} We generally review an order to produce documents for an abuse of discretion. *Id.* at ¶ 26. A court abuses its discretion where it can be said the order is not merely an error of law or judgment but the order is implied as being "'unreasonable, arbitrary, or unconscionable.'" *Id.*, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} Both parties to this appeal have argued the scope of the record on appeal. Monarch Construction asks us to disregard Morganti Enterprise's filing of a supplemental discovery response and privilege log as being outside the scope of the appellate record because the notice of appeal was filed 21 minutes earlier. Monarch Construction argues that because of this, Morganti Enterprise waived a claim of privilege and cannot maintain this appeal. Morganti Enterprise argues that this court should consider the responses therein because they were filed on the same day as the notice of appeal. However, we need not determine the extent of the record in such detail because we find that Morganti Enterprise initially objected to

interrogatory No. 13 and request for production of documents No. 23 and raised a claim that the material sought was privileged.

{¶ 13} Civ.R. 26(B)(8)(a) provides for the production of a detailed account of the material for which privilege is claimed. Although they raised the issue of privilege, Morganti Enterprise failed to state with specificity what materials were being withheld in the responses to interrogatory No. 13 and request for production of documents No. 23. The trial court did not have this information when it ruled upon the motion to compel. By not so doing in its initial responses to discovery or in its briefing in opposition to Monarch Construction's motion to compel discovery, Morganti Enterprise did not provide Monarch Construction with the ability to contest the discovery responses or to seek further production of the materials listed. As such, the trial court was left without a guidepost for resolving the discovery dispute as to Morganti Enterprise's claims of privilege. However, the trial court's order granting the motion to compel was broad in scope and did not acknowledge that a claim for privilege was made as to the two aforementioned discovery responses. "[B]ecause responses to motions to compel may assert various claims of privilege in resisting disclosure of materials, a trial court should explain why a motion to compel production has been granted." *Burnham*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, at ¶ 28. At the time the trial court granted the motion to compel, both the trial court and Monarch Construction were on notice that two discovery requests were contested as seeking privileged information. The trial court granted those requests without conducting further analysis or review of

the claimed privilege. In *DeCuzzi v. Westlake*, 191 Ohio App.3d 816, 2010-Ohio-6169, 947 N.E.2d 1229 (8th Dist.), we found that

> [f]urthermore, we are somewhat constrained by the fact that the contested documents are not part of the record and we have not seen them. While it is difficult to determine whether a discovery request seeks work product in the abstract, it is much easier to determine whether responsive material is work product. A dispute over documents in a discovery request can be easily resolved by an in camera review by the trial court. There the distinction between discoverable evidence and work product is readily apparent. To quote Justice Potter Stewart of the United States Supreme Court, "I know it when I see it." *Jacobellis v. Ohio*, 378 U.S. 184, 197, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964) (Stewart, J., concurring).

*DeCuzzi* at ¶ 16. We ultimately determined in *DeCuzzi* that the trial court abused its discretion in ordering the production of material that could contain attorney work product "without having conducted an in camera review of the documents at issue." *Id.* at ¶ 16.

{¶ 14} In this case, the trial court was on notice that the disputed discovery requests would encompass privileged materials. In *Chiasson v. Doppco Dev., L.L.C.*, 8th Dist. Cuyahoga No. 93112, 2009-Ohio-5013, ¶ 13, we held, "[B]ecause the trial court summarily denied the appellants' motion, without conducting an evidentiary hearing or undertaking an in camera inspection, we find that the record is insufficiently developed to determine whether the documents requested in the subpoena violate the work-product doctrine." We then found the trial court abused its discretion and remanded that case for the trial court to hold a hearing or conduct an in camera review to determine if any of the materials at issue were protected under the work-product doctrine. *Id.* at ¶ 16.

**{¶ 15}** While Morganti Enterprise failed to directly ask the trial court to determine whether or not material to be produced would violate a privilege, the trial court was aware that Morganti Enterprise claimed that the discovery requests sought privileged material and should have compelled Morganti Enterprise to identify with specificity the material it claimed privilege for and then conduct an in camera review, especially in light of the fact that Monarch Construction noted the claimed privilege and suggested that the trial court conduct an in camera inspection. Accordingly, we sustain in part Morganti Enterprise's assignment of error.

CONCLUSION

**{¶ 16}** As Morganti Enterprise could bring an interlocutory appeal of an order to compel production of privileged material, Monarch Construction's motion to dismiss is denied. The order compelling Morganti Enterprise to produce discovery was properly granted but for the two discovery requests in this case in which privilege was asserted. The trial court should have ordered the documents for which Morganti Enterprise claimed privilege to be produced for in camera inspection. As such, we sustain Morganti Enterprise's assignment of error in part and remand this matter for further proceedings.

**{¶ 17}** Judgment reversed in part, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, A.J., and
ANITA LASTER MAYS, J., CONCUR