[Cite as *Blue Technologies Smart Solutions, L.L.C. v. Ohio Collaborative Learning Solutions, Inc.*, 2022-Ohio-1935.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BLUE TECHNOLOGIES SMART : 
SOLUTIONS, LLC, ET AL.,

      Plaintiffs-Appellants, :

                              No. 110501

      v. :

OHIO COLLABORATIVE LEARNING : 
SOLUTIONS, INC., ET AL.,

      Defendants-Appellees. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** June 9, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-18-902719 and CV-20-933999

---

### *Appearances:*

Reminger Co., L.P.A., and Eric J. Weiss; Climaco Wilcox
Peca & Garofoli and Scott Simpkins, *for appellants.*

Schneider Smeltz Spieth Bell LLP, Mark M. Mikhaiel, and
Aanchal Sharma, *for appellees.*

EMANUELLA D. GROVES, J.:

{¶ 1} Appellants, Blue Technologies Smart Solutions, LLC ("BTSS"), Blue

Technologies, Inc. ("BT"), and Paul Hanna, bring this interlocutory appeal

challenging three of the trial court's discovery rulings. Appellants claim the trial court's order requiring them to respond to the discovery requests of appellees, Ohio Collaborative Learning Solutions, Inc. ("OCLS") and Anand Julka ("Julka"), requires the disclosure of material protected by the work-product doctrine and requires the disclosure of confidential tax returns. For the reasons that follow, we dismiss the appeal for lack of a final, appealable order.

## I. Facts and Procedural History

{¶ 2} The present appeal involves two consolidated cases that resulted from a commercial transaction, most of the details of which are not pertinent to the present appeal. The transaction involved the sale of business assets and collaborative agreements where the parties agreed to work together in various ways in the information technology and procurement fields. The various filings in these cases indicate that an asset purchase agreement, employment agreement, and support agreement were executed in 2013. In 2015, an amended support agreement was executed. By 2018, the business relationships established by these contracts was severely strained. As a result, appellants filed suit against appellees in that year.[1]

{¶ 3} In Cuyahoga C.P. No. CV-18-902719, appellants brought claims against appellees and other parties for breach of the various contracts that were executed as part of the above business deal. According to the amended complaint, OCLS and other related parties breached the noncompetition clause of the asset purchase

---

[1] The litigation also included other parties who are not relevant to the present appeal.

agreement and the service agreement, breached the service agreement, and misappropriated unidentified trade secrets. After OCLS and other defendants filed an answer and counterclaim, the case proceeded according to the discovery schedule established by the trial court.

{¶ 4} Several issues arose during the proceedings that interrupted the normal course of litigation. These include the recusal of the trial judge and an appeal of the denial of a motion to compel arbitration. In 2020, after the case was remanded from this court, discovery continued.

{¶ 5} In Cuyahoga C.P. No. CV-20-933999, appellees brought suit against appellants. They alleged appellants intentionally damaged OCLS's business. The complaint includes claims for breach of contract for each of the above agreements, as well as claims of misrepresentation, negligent misrepresentation, tortious interference with contractual and business relations, unfair competition, conversion, securities fraud, unjust enrichment, declaratory judgment, breach of fiduciary duty, fraudulent concealment, misappropriation of trade secrets, civil conspiracy, breach of a duty of loyalty, and sought an accounting and to pierce the corporate veil. Appellants answered and filed a counterclaim.

{¶ 6} On July 30, 2020, the two cases were consolidated. The parties had significant discovery-related disputes that eventually required the intervention of the trial court. For a time, discovery was stayed while the court considered and ruled on appellees' motion to dismiss appellants' counterclaim. Discovery resumed on

December 17, 2020. On January 19, 2021, the court issued rulings on several discovery motions and ordered:

> The parties are ordered to confer to determine which of the documents requested are relevant to the issues pending in this case. The parties are further ordered to confer on which of the relevant documents are confidential. If there is a disagreement on the relevancy and confidentiality of the requested documents, then the parties may seek the court's intervention via an updated motion.

{¶ 7} On March 19, 2021, appellees filed a motion to compel appellants to respond to certain discovery requests. In the motion, appellees asserted that appellants improperly denied discovery requests, refused to answer proper interrogatories, and withheld documents and other materials for improper reasons. Appellees also alleged that appellants did not produce any privilege log or other method of demonstrating what was being withheld from discovery and for what reason. Appellants opposed the motion, in part, on attorney work-product grounds. However, they did not produce a privilege log or otherwise describe documents or evidence withheld based on any claimed privilege. Appellants also sought a protective order by motion, filed January 22, 2021, relative to a subpoena duces tecum served on a bank where BLSS and BT purportedly had accounts.

{¶ 8} A hearing was conducted on these two motions on April 28, 2021, and a transcript of this hearing was provided to the court.[2] The trial court heard lengthy discussions and arguments about several issues in the motion to compel and motion

---

[2] Appellees have alleged that a hearing took place over two days, but the transcript submitted in the record only encompasses a single day on April 28, 2021.

for protective order.  However, the parties did not discuss all the issues raised in the motion to compel and for protective order. The parties, although given the chance to discuss other issues, failed to argue in any detail the work-product issue or the disclosure of tax returns.  Appellants also did not request or provide documents for an in camera inspection so the court would have all the information before it in order to make a more informed decision.

{¶ 9} The trial court granted appellants' motion for a protective order on April 29, 2021.  On May 7, 2021, the court issued an order granting in part and denying in part appellees' motion to compel.  The court ruled,

> As to first interrogatory request no. 11 to BT; int. no. 12 to BTSS; int no. 13 to Hanna, the motion is granted and defendants are ordered to comply with the requests.
>
> As to first interrogatory request no. 14 to BTSS; int. no. 13 to BT, the motion is denied.
>
> As to document request no. 1 to all defendants, the defendants are ordered to amend their response to the request.
>
> As to document request no. 6 to all defendants, the motion is denied. Plaintiffs are free to rewrite this discovery request with specificity as to whom they are seeking the information from and what information they are seeking.
>
> *As to document request nos. 14-17, 22-23 to all defendants; [request for production of document ("RPD")] nos. 19-21, 44-45, 81 to BTSS; RPD nos. 21-23, 26, 28, 47-48, 85 to BT; RPD nos. 19-21, 24, 26, 45, 82 to Hanna, the motion is partially granted.  Defendants are ordered to produce tax returns from the years 2013-2020.*
>
> As to document request nos. 11, 24 & 26 to all defendants; RPD nos. 32-33, 35 to BTSS; RPD nos. 35 & 39 to Hanna; RPD no. 37 to BT, the motion is granted and defendants are ordered to comply with the requests.

As to document request nos. 74 & 78 to BTSS; no. 75 to Hanna, the motion is denied.

As to document request no. 79 to BTSS; no. 83 to BT; no. 80 to Hannah, the motion is denied.

*As to second set of interrogatory request nos. 8-14[3] to BT and BTSS; int nos. 11-14 to Hanna, the motion is granted and defendants are ordered to comply with the request. As to second set of document request nos. 1 and 5 to all defendants, the motion is granted and defendants are ordered to comply with the request.*

As to second set of document request nos. 1 and 5 to all defendants, the motion is granted and defendants are ordered to comply with the request.

*As to second set of document request nos. 6-63[4] to all defendants, the motion is granted and the defendants are ordered to comply with the request.*

As to the award of reasonable attorneys' fees, the motion is denied.

Defendants shall forward discovery responses to plaintiffs by 05/21/2021.

(Emphasis added.) (A notice of appeal followed on May 14, 2021.)

---

[3] These requests seek information related to appellants' affirmative defenses. Request 8 is illustrative of these requests and states, "With respect to affirmative defense no. 8 of Your Answer, which provides, 'Plaintiffs' claims are barred by the economic loss doctrine,' please identify, describe and/or set forth all evidence in support of this affirmative defense."

[4] Request 6 is illustrative of these requests for specific paragraphs of the answer and counterclaim and states, "Produce all documents that are [sic] identify, describe, refer to, relate, pertain to, or evidence your response in Paragraph 60 of your Answer to the Complaint."

{¶ 10} Of these rulings, BTSS takes issue only with those that are italicized in the quoted section above. These rulings fall into two categories, which appellants argue as three assignments of error:

I. The Trial Court erred when it granted the Motion to Compel and ordered Appellants to respond to the "Second Set of Interrogatory Request Nos. 8-14 to BT and BTSS; Int Nos. 11-14 to Hanna," which seek information protected by the work-product doctrine.

II. The Trial Court erred when it granted the Motion to Compel and ordered Appellants to respond to the "Second Set of Document Request Nos. 6-63 to All Defendants," which seek information protected by the work-product doctrine.

III. The Trial Court erred when it granted the Motion to Compel and ordered each Appellant to produce their respective tax returns for the years 2013 to 2020.

## II. Law and Analysis

### A. Jurisdiction – Final, Appealable Order

{¶ 11} Appellees raise a jurisdictional question that has been briefed by the parties in their respective appellate briefs, which we must address before reviewing appellants' assignments of error. Appellees argues that this court lacks jurisdiction to entertain the present appeal because the trial court's order is not appealable pursuant to R.C. 2505.02.

{¶ 12} Appellate courts are courts of limited jurisdiction confined to reviewing only final orders of inferior courts. *See* Ohio Constitution, Article IV, Section 3(B)(2); *State v. Glenn*, 165 Ohio St.3d 432, 2021-Ohio-3369, 179 N.E.3d 1205, ¶ 10. R.C. 2505.02(B) statutorily defines the term "final order." Generally, discovery orders are considered interlocutory orders that are neither final nor

appealable. *Jamestown Village Condominium Owners Assn. v. Mkt. Media Research*, 96 Ohio App.3d 678, 693, 645 N.E.2d 1265 (8th Dist.1994), citing *Kennedy v. Chalfin*, 38 Ohio St.2d 85, 310 N.E.2d (1974); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57, 295 N.E.2d 659 (1973). However, an order granting discovery of privileged materials may be a final order. R.C. 2505.02(A)(3); *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633. When reviewing interlocutory orders on appeal, not all decisions contained within an order are immediately reviewable, even if some are. Courts must engage in an analysis for each argument raised to determine whether it is addressed to an issue that constitutes an appealable order. *Lightbody v. Rust*, 137 Ohio App.3d 658, 665-666, 739 N.E.2d 840 (8th Dist.2000).

{¶ 13} R.C. 2505.02 helps to define what constitutes a "final order." An order that grants or denies a provisional remedy may be a final order. R.C. 2505.02(A)(3) defines a provisional remedy to include an ancillary proceeding to an action that results in the "discovery of privileged matter." In order for the grant or denial of a provisional remedy to be immediately appealable, the order: (1) must determine the action with respect to the provisional remedy and prevent a judgment in the action favorable to the appealing party with respect to the provisional remedy, and (2) the appealing party would have no "meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4)(a) and 2505.02(B)(4)(b).

{¶ 14} Appellees first argue that the trial court's order does not constitute a final order because nothing in the order required the disclosure of specific documents or evidence. For support, appellees cite to, among other things, *Brahm v. DHSC, LLC*, 2016-Ohio-1207, 61 N.E.3d 726 (5th Dist.) and *Ingram v. Adena Health Sys.*, 144 Ohio App.3d 603, 761 N.E.2d 72 (4th Dist.2001). Both cases are distinguishable.

{¶ 15} In these cases, orders that required parties to produce documents for in camera inspections were immediately appealed. An in camera inspection is not an order that requires the disclosure of materials to another party. Therefore, orders for an in camera inspection do not constitute final orders. *Daher v. Cuyahoga Community College Dist.*, 155 Ohio St.3d 271, 2018-Ohio-4462, 120 N.E.3d 830.

{¶ 16} In *Daher*, the Supreme Court of Ohio held that an order that mandated the production of grand jury transcripts for an in camera inspection was not an order that grants or denies a provisional remedy, but "an order mandating the *production* of the materials could be." (Emphasis sic.) *Id*. at ¶ 16. Here, the trial court has ordered the production of documents claimed to be confidential or privileged. The order is not subject to further order or in camera inspection as was the case in the authority relied on by appellees. Therefore, we reject appellees' first argument related to our jurisdiction to hear this appeal.

### 1. Work Product

{¶ 17} Appellants claim that the trial court erred when it required them to produce document and information that was covered by the work-product doctrine.

{¶ 18} "The work[-]product doctrine precludes discovery of the mental impressions, conclusions, opinions, strategies and legal theories, both tangible and intangible, generated or commissioned by counsel in anticipation of litigation or preparation for trial." *DMS Constr. Ents., L.L.C. v. Homick*, 8th Dist. Cuyahoga No. 109343, 2020-Ohio-4919, ¶ 29, citing *Squire, Sanders & Dempsey, L.L.P., v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 2010-Ohio-4469, 937 N.E.2d 533, ¶ 56-60.

> The work-product doctrine emanates from the United States Supreme Court decision in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Hickman was concerned that the attorney-client privilege was not broad enough to protect the memoranda, briefs, notes, and other writings prepared by counsel for his or her own use during the course of pursuing a case. *Id.* at 508 * * *. The court reasoned that if such materials did not receive some protection during the discovery phase of litigation, much of what is normally put down in writing, such as interviews, statements, legal theories, opinions, and mental impressions, would never be written down, ultimately causing the interests of the client to suffer. *Id.* at 511 * * *. The *Hickman* work-product doctrine now protects all materials prepared in anticipation of litigation, and gives almost absolute protection to the opinions, conclusions, judgments, and legal theories of a client's attorney. *Id.* at 511 * * *; *State v. Hoop*, 134 Ohio App.3d 627, 642, 731 N.E.2d 1177 [(12th Dist.1999)]; *Frank v. Schaefer, Inc. v. C. Garfield Mitchell Agency, Inc.*, 82 Ohio App.3d 322, 329, 612 N.E.2d 442 [(2d Dist.1992)].

*Dennis v. State Farm Ins. Co.*, 143 Ohio App.3d 196, 200, 757 N.E.2d 849 (7th Dist.2001). Civ.R. 26(B)(1) also prohibits the discovery of privileged documents. However, the rule goes on to provide for the discovery of attorney work product in certain circumstances.

{¶ 19} Appellants have argued, without reference to any of the materials that would be required to be produced under the trial court's order, that these materials fall under the work-product doctrine and the trial court's order is final and appealable based on this court's holding in *Decuzzi v. Westlake*, 191 Ohio App.3d 816, 2010-Ohio-6169, 947 N.E.2d 1229 (8th Dist.), and *Sawyer v. Devore*, 8th Dist. Cuyahoga No. 65306, 1994 Ohio App. LEXIS 4954 (Nov. 3, 1994). Appellees counter that appellants have failed to show that the discovery order that appellants purport to require the disclosure of privileged material covered by the work-product doctrine is a final order.

{¶ 20} An order that requires the disclosure of privileged information, such as that protected by the attorney-client privilege, is immediately appealable. *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536. The court reasoned "an order requiring the production of information protected by the attorney-client privilege causes harm and prejudice that inherently cannot be meaningfully or effectively remedied by a later appeal." However, privilege based on the work-product doctrine has been treated differently. *Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633. Civ.R. 26(B)(4) specifically allows for the discovery of materials that constitute attorney work product with a showing of good cause. Some materials covered by the work-product doctrine are therefore readily discoverable. As a result, there is no assumption that appeal after final judgment does not constitutes an adequate remedy like there is with attorney-client privilege.

*Burnham* at ¶ 26; *Glenn,* 165 Ohio St.3d 432, 2021-Ohio-3369, 179 N.E.3d 1205, at ¶ 22.

**{¶ 21}** Whether an order that requires the disclosure of information alleged to be protected by the work-product doctrine constitutes a final order has received much attention in recent years. *See In re Special Grand Jury Investigation of Medicaid Fraud & Nursing Homes*, 10th Dist. Franklin No. 18AP-730, 2019-Ohio-2532, ¶ 12-22 (summarizing development in this this area of the law). Despite the disagreements on this issue between the justices of the Supreme Court of Ohio as outlined in *In re Special Grand Jury Investigation*, for each case, the court has relied on an application and analysis of the statutory text of R.C. 2505.02, the final order statute. *See Glenn* at ¶ 10; *Chen* at ¶ 5.

**{¶ 22}** In *Glenn*, the court applied the requirements found in R.C. 2505.02(B)(4) to determine whether an order that required a criminal defendant to turn over summaries of statements of potential alibi witnesses to the prosecution as part of reciprocal discovery under Crim.R. 16 qualified as the grant or denial of a provisional remedy subject to immediate review. The court first examined whether the party seeking immediate review showed that the order granted or denied a provisional remedy, i.e., made a colorable claim that the order requires the immediate disclosure of materials covered by the work-product doctrine. *Id*. at ¶ 12-20. Next, the court looked at whether the appealed order conclusively determined the work-product issue and prevented a favorable judgment on the issue. *Id*. at ¶ 21. Finally, the court examined whether the party that sought review established that

the harm caused by the discovery order could not be effectively remedied on appeal after final judgment. *Id*. at ¶ 22. The court recognized that there are instances where the ordered disclosure of material allegedly privileged by the work-product doctrine could constitute an appealable order under R.C. 2505.02(B)(4) and that each case should be analyzed under the above analysis. *Id*. at ¶ 28.

{¶ 23} Therefore, there is no bright-line rule that all such orders are immediately appealable. The "burden of establishing the appellate court's jurisdiction over an interlocutory appeal 'falls on the party who knocks on the courthouse doors asking for interlocutory relief.'" *Id*. at ¶ 22, quoting *Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, at ¶ 8.

{¶ 24} This court has recently addressed whether an appeal from a similar situation constituted a final order subject to immediate appeal. *N.E. Monarch Constr., Inc. v. Morganti Ent*., 8th Dist. Cuyahoga No. 109845, 2021-Ohio-2438. There, a party to civil litigation made a discovery request similar to those at issue here: "'Identify any and all evidence within your possession and/or knowledge that supports each and every response and/or affirmative defense as contained in your First Amended Answer and each and every allegation in your Counterclaim.'" *Id*. at ¶ 2. This is very similar to the second set of document requests six through 63 made to all defendants, except that instead of one combined request, they are individual requests for the same information from each affirmative defense and counterclaim made in the answer and counterclaims filed by appellants. This is also similar to the other requests, exemplified by the second set of interrogatories, request eight to BT:

"With respect to affirmative defense no. 8 of Your Answer, which provides, 'Plaintiffs' claims are barred by the economic loss doctrine,' please identify, describe and/or set forth all evidence in support of this affirmative defense."

{¶ 25} This court, relying in part on *Decuzzi*, 191 Ohio App.3d 816, 2010-Ohio-6169, 947 N.E.2d 1229 (8th Dist.), found that the objection to the request sufficiently raised the work-product issue and the trial court's decision to compel production was a final order pursuant to R.C. 2505.02(B)(4). *Id.* at ¶ 13. We further held that it was error for the trial court to do so without holding a hearing or an in-camera inspection. *Id.* at ¶ 14. The court did not address the jurisprudence of the Supreme Court of Ohio outlined above.

{¶ 26} According to the Supreme Court of Ohio, each case requires an individualized analysis where an appellant must demonstrate that the factors of the test for a final order regarding a provisional remedy found in R.C. 2505.02(B)(4) are satisfied. *Glenn,* 165 Ohio St.3d 432, 2021-Ohio-3369, 179 N.E.3d 1205, at ¶ 28; *Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, at ¶ 8. Therefore, we will apply that test to the present situation before us.

{¶ 27} The first requirement is that appellants must demonstrate a colorable claim that the discovery order at issue requires the production of material covered by the work-product doctrine. Appellees claim that appellants have not made this showing because they did not comply with the procedure in Civ.R. 26 for asserting claims of privilege. This rule requires a party that refuses to provide discovery based on privilege or that it constitutes trial preparation materials to do so with specificity

and to provide a privilege log or other means sufficient for an opposing party to contest the claim. Civ.R. 26(B)(8)(a) – 26(B)(8)(b).

{¶ 28} Appellees assert that appellants' boilerplate objections lack any specificity, fail to identify or describe any materials withheld, and fail to provide even a privilege log to them or the trial court so that the issue could be fairly litigated.[5] While appellees are correct, we do not conclude that the failure to produce a privilege log should preclude a party from demonstrating that a discovery order requires the disclosure of privileged material. Appellants assert that this court has found the type of discovery requests at issue here call for the disclosure of attorney work product. *Sawyer*, 8th Dist. Cuyahoga No. 65306, 1994 Ohio App. LEXIS 4954 (Nov. 3, 1994); *Decuzzi*, 191 Ohio App.3d 816, 2010-Ohio-6169, 947 N.E.2d 1229 (8th Dist.). *Sawyer* does not directly deal with this issue. There, this court found the discovery requests at issue unduly burdensome and would allow a party to take undue advantage of the other party's efforts. *Sawyer* at 18-21. However, *Decuzzi* and *N.E. Monarch*, 8th Dist. Cuyahoga No. 109845, 2021-Ohio-2438, did conclude that the type of discovery request here sufficiently raised the work-product doctrine to support a colorable claim that such discovery requests could require the

---

[5] A representative objection raised by appellants to appellees' discovery requests regarding affirmative defenses states, "Defendants object to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, harassing, and failed to state with reasonably particularity the information sought. Defendants further object to the interrogatory to the extent it seeks information that is protected by the attorney client privilege, the work product doctrine and/or any other applicable privilege or protection. Ohio law prohibits discovery requests designed to take undue advantage of the industry and efforts of opposing counsel by requiring counsel to review its own body of evidence and compile the information into a neat little package for opposing counsel."

disclosure of privileged materials. We will follow these cases in that they establish that appellants have at least put forth a colorable claim that the discovery requests at issue could result in the disclosure of materials covered by the work-product doctrine.

{¶ 29} We must note, however, that *Sawyer* and *Decuzzi* were decided before significant changes were made to Ohio's discovery rules that took effect on July 1, 2020. Civ.R. 86(TT). Those changes had not yet taken effect at the time the discovery issues played out in the lower court in *N.E. Monarch Constr.*, either. To the extent these changes would not work an injustice or are not feasible, they apply to the present case.[6] *Id.*

{¶ 30} Under current Civ.R. 26(A)(3), a party is required to disclose, without awaiting a discovery request, "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment"; and "a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Civ.R. 26(A)(3)(a)(i) and 26(A)(3)(a)(ii). Fed.R.Civ.P. 26(a)(1)(A) contains substantially similar provisions.

---

[6] At the hearing held in the present case, appellees argued that changes to Civ.R. 26 applied and appellants did not contradict that assertion. (Tr. 77.)

{¶ 31} The next prong of the test requires us to determine whether the trial court's order determines the action and prevents a judgment favorable to appellants on this issue. We conclude that it does. As explained above, the order requires disclosure of information without any further steps or in camera review. As a result, the order determines the action relative to the provisional remedy.

{¶ 32} Finally, appellants must show that review after final judgment does not constitutes an adequate remedy. "[A]ppellate courts must decide on a case-by-case basis whether a trial court ruling ordering the disclosure of information allegedly protected by the work[-]product doctrine is appealable based on whether the appellant has shown that a postjudgment appeal would be '*truly* * * * meaningless or ineffective*'; 'the irreversible nature of the order alone does not satisfy R.C. 2505.02(B)(4)(b).'" (Emphasis sic.) *DMS Constr. Ents.*, 8th Dist. Cuyahoga No. 109343, 2020-Ohio-4919, ¶ 53, quoting *Burnham,* 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, at ¶ 21, 26-27. We conclude that appellants have failed to make this showing.

{¶ 33} As the *Glenn* and *Chen* Courts noted, it is the party seeking immediate relief that must demonstrate that appeal after final judgment represents an inadequate remedy. *Glenn*, 165 Ohio St.3d 432, 2021-Ohio-3369, 179 N.E.3d 1205, at ¶ 22; *Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, at ¶ 8. In appellants' brief to this court, they do not sufficiently address whether appeal after final judgment would constitute an adequate remedy. They claim that other courts have found the required disclosure of privileged or confidential information have

been held to be final orders. Appellant's brief, filed August 2, 2021, page 7-8, citing *Colombo v. Mismas Law Firm, LLC*, 11th Dist. Lake No. 2014-L-069, 2015-Ohio-812; *Northeast Professional Home Care, Inc. v. Advantage Home Health Servs*., 188 Ohio App.3d 704, 2010-Ohio-1640, 936 N.E.2d 964 (5th Dist.); and *Armstrong v. Marusic*, 11th Dist. Lake No. 2001-L-232, 2004-Ohio-2594. They also claim, citing *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, ¶ 33 (10th Dist.), "These courts recognize that an order requiring the disclosure of privileged matters presents the same harm as an order requiring the disclosure of confidential matters. In both cases, injury results from the dissemination of the information itself, which cannot be properly remedied absent an immediate appeal." Their reply brief does not offer significant further argument on this point. Appellants do not address any of the work-product doctrine cases from the Supreme Court of Ohio cited above or the changes to the discovery rules. Every discovery order results in the disclosure of information. This argument alone is insufficient to demonstrate that appeal after final judgment is an inadequate remedy. *DMS Constr. Ents*., 8th Dist. Cuyahoga No. 109343, 2020-Ohio-4919, ¶ 53, quoting *Burnham* at ¶ 21, 26-27.

{¶ 34} In the present case, appellants admit at pages 12 and 14 of their April 2, 2021 brief in opposition to the motion to compel that they "have not withheld any documents that are responsive to these requests. Instead, [we] are simply opposed to being compelled to compile a list of the evidence and explain to opposing counsel how they intend to utilize such evidence in defending against specific claims."

Appellants claim, without individualized analysis, that the discovery orders require them to explain to opposing counsel how they intend to utilize such evidence. In light of the changes to the discovery rules, that is not evident from the discovery requests themselves. For instance, in their brief in opposition to the motion to compel they make the following arguments in relation to the second set of document request nos. 6-63:

> [Appellees] lastly complain that [appellants] refuse to identify and produce the specific documents that "identify, describe, refer to, relate, pertain to, or evidence" specific responses/allegations contained in [appellants'] Answer and Counterclaim respectively. By the very nature of the requests, *[appellants] are being asked to identify the specific evidence that they intend to rely on and/or offer at trial in support of each specific legal claim.* In doing so, the requests improperly seek the protected mental impressions, conclusions, opinions and legal theories of the Blue Parties' counsel — i.e., privileged work product.

(Emphasis added.) Identifying the evidence that a party intends to rely on in support of a legal claim is what the discovery rules require. Civ.R. 26(A)(3)(a)(ii). Further, based on appellants' failure to identify any documents covered by the work-product doctrine when given the opportunity, these discovery requests likely can be answered without disclosing information covered by the work-product doctrine. *See Owens v. ACS Hotels, LLC*, 9th Dist. Summit No. 27787, 2016-Ohio-5506, ¶ 6-8.

{¶ 35} Unlike *N.E. Monarch Constr.*, 8th Dist. Cuyahoga No. 109845, 2021-Ohio-2438, the trial court held a hearing on appellees' motion to compel where appellants advanced only the barest of arguments in support of their claimed privilege. They also did not provide any information that appellees or the court

could use to determine that, in fact, discovery responses called for the disclosure of privileged information.

{¶ 36} The arguments appellants make that appeal from final judgment would be an inadequate remedy is similar to the limited argument rejected in *Glenn*. There, "[i]n his response to the state's motion to dismiss his appeal in the Second District, Glenn offered a single conclusory statement regarding the effective-remedy requirement, asserting that '[o]nce the information is released the privilege is violated.' And Glenn's arguments in this court are similarly sparse." *Glenn*, 165 Ohio St.3d 432, 2021-Ohio-3369, 179 N.E.3d 1205, at ¶ 23. *See also Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, ¶ 8. Appellants are required to show why an appeal after final judgment is an inadequate remedy and they have failed to make that showing. Therefore, this portion of the appealed order does not constitute a final order pursuant to R.C. 2505.02 and we lack jurisdiction to review first and second assignments of error.

### 2. Financial Documents

{¶ 37} Appellants also claim that the court erred in requiring appellants to produce tax returns from 2013 through 2020. Appellants admit that tax returns from certain years from certain parties are appropriate, but take issue with the scope of the discovery order.

{¶ 38} Privilege must rest upon some specific constitutional or statutory provision. *State ex rel. Grandview Hosp. & Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95, 554 N.E.2d 1297 (1990). """Tax returns, while subject to heightened protection

from disclosure, are not privileged.""" *Estate of Wiedemer v. Cleveland Yachting Club Inc.*, 8th Dist. Cuyahoga Nos. 110432 and 110681, 2022-Ohio-20, quoting *G.S. v. Khavari*, 11th Dist. Trumbull No. 2016-T-0036, 2016-Ohio-5187, ¶ 10, quoting *Garver Rd. Invest., L.L.C. v. Diversapack of Monroe, L.L.C.*, 12th Dist. Butler Nos. CA2013-10-181 and CA2013-10-183, 2014-Ohio-3551, ¶ 14.

{¶ 39} Appellants, relying on *State ex rel. Fisher v. Cleveland*, 109 Ohio St.3d 33, 2006-Ohio-1827, 845 N.E.2d 500, claim that these sensitive documents have been afforded added protections as confidential documents that contain a great deal of personal information that enjoy an expectation of privacy.  Essentially, appellants do not assert that the tax returns that were ordered to be produced are privileged, but they are so confidential that they should be afforded the same protections as privileged information.[7]   Their arguments raised in the assignment of error addressing the tax returns claim that they are not relevant, or they take issue with the scope of the discovery order.

{¶ 40} Some appellate courts have rejected appellants' argument that tax returns are confidential, rising to the level of privileged, for purposes of R.C. 2505.02.  *Bates v. Midland Title of Ashtabula Cty., Inc.*, 11th Dist. Lake No. 2003-L-127, 2004-Ohio-6325, ¶ 43; *Garver Rd. Invest., LLC v. Diversapack of Monroe, LLC*, 12th Dist. Butler Nos. CA2013-10-181 and CA2013-10-183, 2014-Ohio-3551; *Hope Academy Broadway Campus v. White Hat Mgt., LLC*, 10th Dist. Franklin No.

---

[7] Some confidential information, such as trade secrets, enjoy a status akin to privilege for purposes of R.C. 2505.02. *See, e.g., Organ Cole, LLP v. Andrew*, 10th Dist. Franklin No. 20AP-65, 2021-Ohio-924.

12AP-116, 2013-Ohio-911, ¶ 41-43 (finding that an appeal from an order that required the disclosure of tax returns on relevancy grounds was unrelated to privilege and not a final order). Another court has held that because of a heightened expectation of privacy in these important financial documents, the required disclosure of tax returns in a discovery dispute constitutes the grant or denial of a provisional remedy. *Mezatasta v. Ent. Hill Farm*, 6th Dist. Erie No. E-15-037, 2016-Ohio-3371, ¶ 18, citing *State ex rel. Fisher*, 109 Ohio St.3d 33, 2006-Ohio-1827, 845 N.E.2d 500, ¶ 27, 32 (however, this case dealt with a motion to quash a subpoena duces tecum issued to a third party). Tax returns are often the subject of discovery and disclosed in many civil cases.

{¶ 41} There does not appear to be agreement on any of these points between Ohio appellate courts. This court has addressed the issue, but only in the context of the denial of a motion to quash a subpoena issued to a third party. *See Estate of Wiedemer v. Cleveland Yachting Club Inc.*, 8th Dist. Cuyahoga Nos. 110432 and 110681, 2022-Ohio-20; *Gangale v. Coyne*, 8th Dist. Cuyahoga No. 110772, 2022-Ohio-196. The denial of a motion to quash a subpoena directed at a nonparty is, in and of itself, a final order. *Godwin v. Facebook, Inc.*, 2020-Ohio-4834, 160 N.E.3d 372, ¶ 11 (8th Dist.). This is true regardless of whether the discovery order seeks allegedly privileged information because "[t]he denial of a motion to quash requires a nonparty to produce documents, an act that cannot be remedied at the conclusion of the case after the documents have been produced." *Id.*, citing *Future Communications, Inc. v. Hightower*, 10th Dist. Franklin No. 01AP-1175, 2002-

Ohio-2245. So, these cases do not address the specific question with which we are faced.

{¶ 42} The case relied on by appellants, *State ex rel. Fisher*, 109 Ohio St.3d 33, 2006-Ohio-1827, 845 N.E.2d 500, does not address this specific issue, either. This taxpayer action did not involve an analysis of R.C. 2505.02's provisional remedy test or even discovery disputes in civil litigation.

{¶ 43} The parties have not directed us to any case where this court or the Supreme Court of Ohio has held that the ordered disclosure of tax returns in discovery challenged on privilege and relevancy grounds constitutes a final order.[8] We have held that a trial court order requiring a party to sign an IRS form that would allow for the release of records that detailed the amount of unpaid withholding taxes owed to the federal government does not constitute a final order. *Mentor Way Real Estate Partnership v. Hertanu*, 8th Dist. Cuyahoga No. 103267, 2016-Ohio-4692. But this case was decided, at least in part, on the fact that any right to confidentiality belonged to a party that was not asserting it in the appeal.

> Generally, an order compelling production of material allegedly protected by a statutory privilege is a final appealable order. *See, e.g., Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536 (order compelling the production of documents allegedly protected by statutory attorney-client privilege is a final, appealable order); *Jacob v. Youngstown Ohio Hosp. Co.*, 7th Dist. Mahoning No. 11 MA 193, 2012-Ohio-1302, ¶ 20 (provisional remedy

---

[8] Appellees do quote language purportedly from an Eighth District case in their brief, *Legg v. Fuchs*, 140 Ohio App.3d 223, 746 N.E.2d 1195 (8th Dist.2000). However, this case does not stand for the proposition for which it was cited or contain the attributed quoted material. It appears this case was cited in error and the proper citation is to *Legg v. Hallet*, 10th Dist. Franklin No. 07AP-170, 2007-Ohio-6595.

order is final if it compelled the production of documents containing trade secrets or privileged communications).

*Squiric v. Surgical Hosp. at Southwoods*, 7th Dist. Mahoning No. 20 MA 0015, 2020-Ohio-7026, ¶ 15. But as noted above, appellants have not pointed us to any cases from this district or recognized statutory privilege that establish that tax returns fall within this general rule. Appellants do point to 26 U.S.C. 6103 and R.C. 5747.18, but these code sections do not establish a statutory privilege. These statutes mandate that any information received by the respective taxing authorities shall be treated as confidential. The language used in these statutes does not resemble the language of statutes where the ordered disclosure of privileged or confidential information has been determined to be a final order. *See, e.g.,* R.C. 1333.65 (trade secrets), 2305.252 (peer-review privilege), and 2317.02 (defining privileged communications).

{¶ 44} We do not need to bind this court to one path or the other in this appeal because we conclude that appellants have failed to satisfy the third prong of the test for a final order in R.C. 2505.02(B)(4).[9]

{¶ 45} Just as in the work-product analysis above, appellants are required to show that appeal after final judgment does not constitute an adequate remedy. Here, they have failed to make that showing.

---

[9] There is no real dispute here that the ordered disclosure of tax returns determines the provisional remedy, the second prong of the test.

{¶ 46} As the *Glenn* and *Chen* Courts have noted, it is the party seeking immediate relief that must demonstrate that appeal after final judgment represents an inadequate remedy. *Glenn*, 165 Ohio St.3d 432, 2021-Ohio-3369, 179 N.E.3d 1205, at ¶ 22; *Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, 31 N.E.3d 633, at ¶ 8.

{¶ 47} In appellants' brief to this court, they merely state that an order that requires the disclosure of privileged matters presents the same harm as an order requiring the disclosure of confidential matters. They go on to state, "In both cases, injury results from the dissemination of the information itself, which cannot be properly remedied absent an immediate appeal." Appellants' Brief filed August 2, 2021, page 8, citing *Bennet*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, ¶ 33 (10th Dist.).

{¶ 48} As stated above, they do not more than cursorily address why appeal after final judgment is an inadequate remedy. A conclusory statement is insufficient to demonstrate an order constitutes a final order under R.C. 2505.02. *DMS Constr. Ents.,* 8th Dist. Cuyahoga No. 109343, 2020-Ohio-4919, at ¶ 53, quoting *Burnham* at ¶ 21, 26-27 (Appellants must show "that a postjudgment appeal would be 'truly * * * meaningless or ineffective'; 'the irreversible nature of the order alone does not satisfy R.C. 2505.02(B)(4)(b).'") The conclusion above, that this argument is insufficient to demonstrate an order constitutes a final order under R.C. 2505.02, is also applicable here. Appellees raised these issues in their appellate brief. Yet, in their reply brief, appellants did not significantly address the adequate remedy provision of R.C. 2505.02(B)(4). In fact, appellants acknowledge that some of the

tax records are subject to discovery claim the returns are not relevant or take issue with the scope. There may be a case where the required disclosure of tax returns in discovery could constitutes a final order, but appellants have not made the required showing in this case.

{¶ 49} We find that appellants have failed to demonstrate that the order appealed constitutes a final order under R.C. 2505.02. Accordingly, we do not have jurisdiction to review the claims raised here.[10]

{¶ 50} Appeal dismissed.

It is ordered that appellees recover from appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR

---

[10] In their brief, appellees request that if we find that we lack jurisdiction over this appeal that we award attorney fees. This is a not a proper motion for attorney fees and we decline to address it.